IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT JOHN MURPHY,

    *Appellant*,

v.

MICHELE MARINARI,

    *Appellee*.

CIVIL ACTION
NO. 17-922

## ORDER

**AND NOW**, this 7th day of April, 2017, it is hereby **ORDERED** that:

1. The Clerk of Court shall **REMAND** this case to the Bankruptcy Court;[1]

---

[1] On November 14, 2014, Michele Marinari filed a Chapter 13 voluntary petition with the Bankruptcy Court. (Pet. #14-19066-jkf, Bankruptcy ECF No. 1.) On March 26, 2015, Robert Murphy, the judgment creditor, filed an adversary complaint, contesting Marinari's petition and alleging false pretenses and fraud, among other things. (ECF No. 19.) On May 12, 2015, Murphy filed a motion to have the Chapter 13 case dismissed or, in the alternative, converted to a Chapter 7 case. (ECF No. 25.) On February 22, 2017, after holding several hearings on the motion, the Bankruptcy Court issued an order dismissing the case pursuant to Section 1307(b) of the Bankruptcy Code. (ECF No. 99.) Murphy filed a notice of appeal the next day, and the appeal was assigned to this Court. (ECF No. 100.) On February 27, 2017, Murphy filed with the Bankruptcy Court a motion to reconsider, vacate or amend the court's February 22 order. (ECF No. 106.) On March 30, 2017, the Bankruptcy Court granted the motion, vacated its February 22 order and scheduled a hearing on the issue for May 10, 2017. (ECF No. 119.)

    The general rule is that once a notice of appeal has been filed, the lower court loses jurisdiction over the subject matter of the appeal. This rule also applies in the Bankruptcy context where the bankruptcy court acts as the lower court and the district court as the court of appeals: "The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court (bankruptcy court) to the court of appeals (district court) with respect to any matters involved in the appeal. . . . Thus, after a notice of appeal is timely filed, the district court (bankruptcy court) has no power to vacate the judgment, or to grant the appellant's motion to dismiss the action without prejudice, or to allow the filing of amended or supplemental pleadings." *In re Butcher Boy Meat Mkt., Inc.*, 10 B.R. 258, 259–60 (Bankr. E.D. Pa. 1981) (citations omitted); *see also Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc.*, 721 F.2d 904, 906–907, n.7 (3d Cir. 1983) (confirming that this procedural rule applies equally to the appeal of a bankruptcy court order to a district court).

    Notwithstanding a lower court's lack of jurisdiction following a timely notice of appeal, a party is still permitted to file with the court a motion for reconsideration. However, because of the

2. This case shall be **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

procedural posture, the lower court lacks jurisdiction to grant the motion and vacate its previous order. In the analogous context of an appeal from a district court to a court of appeals, courts have solved this problem by specifying the following procedure: "When an appellant in a civil case wishes to make a [Rule 60(b)] motion . . . while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this [Court of Appeals] for a remand of the case in order that the District Court may grant the motion. . . ." *Main Line Fed. Sav. & Loan Ass'n*, 721 F.2d at 906 (citing *Smith v. Pollin*, 194 F.2d 349, 350 (D.C. Cir. 1952)); *see also Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni*, 601 F.2d 39 (1st Cir. 1979) (movant not required to ask circuit court for remand until after district court has indicated willingness to grant Rule 60(b) motion). The Third Circuit has indicated that the same procedural sequence is appropriate in the Bankruptcy context. *See Main Line Fed. Sav. & Loan Ass'n*, 721 F.2d at 906; *see also id.*, at 908 n.7. Thus, where a party has filed a motion for reconsideration and the bankruptcy court has indicated that it is willing to grant it, "[t]he district court may remand to the bankruptcy court for consideration of the Rule 60(b) motion." *Id.* at 908 n.7.

Here, it is evident that the Bankruptcy Court is willing to grant Murphy's motion and vacate its previous order because it already purported to do so. (ECF No. 119.) The Court therefore remands the case back to the Bankruptcy Court such that it will have the requisite jurisdiction to vacate and reconsider its February 22 order.