Robert J. Murphy, Esquire
Attorney I.D. No. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA  19041
610-896-5416
Email: rkmurphy1@aol.com
*Attorney Pro Se*

---

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

IN THE MATTER OF        :     CIVIL ACTION

IN RE:  MICHELE MARINARI    :     NO. 17-00922

**APPELLANT'S, ROBERT MURPHY'S, BRIEF SUR APPELLANT'S
APPEAL FROM THE UNITED STATES EASTERN DISTRICT
BANKRUPTCY COURT'S  FINAL ORDERS ENTERED MAY 17, 2017
DISMSSING DEBTOR'S CHAPTER 13 BANKRUPTCY CASE PURSUANT
TO SECTION 1307 (b) OF THE CODE AND FINAL ORDER ENTERED
FEBRUARY 15, 2019  DENYING APPELLANT'S, MURPHY'S, MOTION
TO RECONSIDER, VACATE AND/OR AMEND THE BANKRUPTCY
COURT'S DISMISSAL ORDER ENTERED MAY 17, 2017 CONTRARY TO
APPLICABLE LAW**

## TABLE OF CONTENTS PAGE

Jurisdictional Statement                     1

Statement of the Issues Presented            3

Concise Statement of the Case                7

Summary of Argument                         17

Argument                                    23

Conclusion                                  44

Certificate of Compliance

Certificate of Service

**TABLE OF AUTHORITIES**                    **PAGE**

United States Constitution Fifth                    4,5,6,20,21,30,31,34,40,44
    Amendment

*Cox v. Horn,* 757 F.3d 113 (3d Cir 2014)                    41,44

*Federal Kemper Ins. Co. v. Rauscher*,                    6,40,41,44
807 F.2d 345, 348-49 (3d Cir. 1986)

*Grogan* v. *Garner,* 498 U.S. 279, 287;                    19

*Hatchigian v. Int'l Borough of Electrical Workers Local*    7
*98,* 610 Fed. Appx. 142 (3rd Cir. 2015)

*Harsco v. Zlotnicki,* 779 F.2d 906 (3d Cir 1985)                    40

*In Re: Armstrong,* 408 B.R. 559 (E.D.NY 2009)                    19

*In re: Caola,* 422 B.R. 13 (U.S.B.C., NJ 2010)                    19

*In Re: Casteel*, 207 B.R. 185                    19,29

*In Re Chambers, Bankr. LEXIS 334.*                    *19*

*In re Cohen*, 106 F.3d 52 (3d Cir. 1997)                    19
  aff'd   523 U.S. 213, 218

In Re: Crowell, 292 B.R. 541                    19,29

*In re Fleurantin,* 420 Fed. Appx. 194, 2011                    19
App. Lexis 6322, p. 7.

*In Re Forever Green Ath. Fields, Inc.,*
804 F.3d 328 (3rd Cir. 2015)                                    19

*In Re: Fonke,* 310 B.R. 809                                        28

*In Re: Gaudet,* 132 B.R. 670                                       19,28

*In re Jacobsen,* 609 F.3d 647, 660 (5th Cir. 2010)                 19,27,31

*In Re Jensen,* 369 B.R. 210                                        19

*In Re: Johnson,* 228 B.R. 663                                      19,29

*In re Kaiser Aluminum Corp.,* 456 F.3d 328,
340 (3d Cir. 2006)

*In re Lilley,* 91 F.3d 491 (3d Cir. 1996)                          19

*In re Love,* 957 F.2d 1350 (7th Cir. 1992)                    19

*In re Molitor,* 76 F.3d 218 (8th Cir. 1996),                       19,28,31,34

*In Re: Powers,* 48 B.R. 120                                        20,29

*In re Rosson,* 545 F.3d 764 (9th Cir. 2008)                        27

*In re Trans World Airlines, Inc.* 145 F.3d 124,
139 (3d Cir. 1998)                                                  4,5,7,19

*Jayasundra v. Macy's,*
731 Fed. Appx. 133 (3 Cir. 2018)                                   42,44

*Johnson v. Rardin* v. 700 Fed. Appx.                               7,41,44

[3]

170 (3rd Cir. 2017)

Koshatka v. Philadelphia Newspapers, Inc.                      6,40

762 F.2d 329, 333 (3d. Cir. 1985)

*Law v. Siegel*, 134 S. Ct. 1188                               25

*Marrama v. Citizens Bank of Massachusetts*,        4,5,7,19,24,25,27,31,34
549 U.S. 365

*Max's Seafood Café v. Quinteros,*
176 F.3d 669 (3d Cir. 1999)                                   40,44

*McAllister v. Sentry Ins. Co*.,                             6,40
958 F.2d 550, 552-53 (3d Cir. 1992)

*North River Insurance Co. v. CIGNA Reinsurance Co.*,         6,41,44
52 F.3d 1194 (3rd Cir. 1995),

*Prusinsky v. Gianetti*, 282 F.3d 434 reh'g. den.            7,44
2002 U.S. App. Lexis 9047 (6th Cir) cert. den. 537 U.S. 485

*Ram Constr. Co. v. American States Ins. Co.,*               7,40

749 F.2d 1049, 1053 (3d Cir. 1984)

*Ross v. AmeriChoice Fed. Credit Union*,            4,5,7,19,25,31,32,34,35
530 B.R. 277 (U.S.D.C. E.D. PA 2015)

*Sawka v. Health East Inc.,*989 F.2d 138
(3 Cir. 1993)                                                 41,44

*Tamecki v. Frank,* 229 F.3d 205 (3rd Cir. 2000)

*Taylor v. Winnecour*, 460 B.R. 673                           19

*United States Aide Funds, Inc. v. Espinosa,* 559 U.S. 260;          7,41,44


**F.R.C.P.** 52, 59, 60                              6,14,23,37,41,42,43,44

**USCS Bankruptcy Rules**

1017 (f) (2)                                         3,6,11,12,17,19,21,30,31,39

7052,                                               6,23,37

8002                                               2

9013,                                              3,6,11,12,17,19,21,30,31,39

9023                                               23

9024                                               6,23


**11 U.S.C.A.**


105, 523 (a) (2), 1109, 1124, 1307 (b) (c),   1,3,4,5,6,8,11,12,13,14,17,18,20

21,22,23,24,25,26,27,29,30,31,32,
33,34,35,36,37,38,39

42,44


1325 (a) (1) (3) (4) (7),                    3,4,5,6,8,18,31,39

1328 (a) (2),                               3,4,5,6,8,18,31,39

18 U.S.C.A. 152                             3,4,5,6,8,19,31,39

706                                        25, 28

1301                                             1

## JURISDICTIONAL STATEMENT

A) On 11/14/2014 Michele Marinari, Judgment Debtor, filed a Chapter 13

Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District

of Pennsylvania, 11 U.S.C. Sec. 1301.

B) Appellant, Robert Murphy, timely filed a notice of appeal on 2/23/2017 from

Judge FitzSimon's  2/22/2017 dismissal order pursuant to judgment debtor's

purported praecipe to dismiss her Chapter 13 Petition. On 2/27/2017 Murphy filed

the first motion to reconsider and/or vacate the 2/22/2017 dismissal order. On

3/30/2017 Judge FitzSimon granted Murphy's first reconsideration motion and

vacated the 2/22/2017 dismissal order. On 4/7/2017 the District Court determined

that the notice of appeal divested the Bankruptcy Court of jurisdiction to grant

Murphy's first reconsideration motion and remanded to the Bankruptcy Court

authority to grant the first reconsideration motion. On 4/20/2017 Judge FitzSimon

vacated the 2/22/2017 dismissal order and directed that Murphy file a brief

addressing only the issue of whether a debtor has an absolute right to dismissal

under Section 1307 (b); and scheduled the hearing on 5/10/2017 limited entirely to

the legal issue identified above i.e. whether judgment debtor has an absolute right

to dismissal under Section 1307 (b) solely for oral argument on the foregoing

judgment debtor's alleged absolute right to dismissal under Section 1307 (b)

pursuant to debtor's foregoing praecipe without any mandatory formal motion,

1

notice and evidentiary hearing. On 5/17/2017 Judge FitzSimon ordered that

Marinari has an absolute right to voluntarily dismiss her bankruptcy case pursuant

to Section 1307 (b) and granted judgment debtor's dismissal together with

conditions that in the event debtor files another bankruptcy case within two years

from the date of the order, Murphy's adversary case shall resume where it

currently stands which is that:  i)  discovery is complete, ii) the parties filed their

joint pretrial statement and iii) a pretrial hearing should be promptly held to discuss

the joint pretrial statement and schedule a trial date. On 5/27/2017 Murphy filed a

second motion to reconsider, vacate and make findings of fact or alter or amend the

final judgment entered 5/17/2017. On 5/31/2017 Murphy filed a timely notice of

appeal from the foregoing final 5/17/2017 dismissal order pursuant to B.R. 8002.

After the matter had been reassigned to Judge Chan, on 2/15/2019 Judge Chan

entered a final order denying Murphy's foregoing motion to reconsider, vacate

and/or amend the court's foregoing 5/17/2017 dismissal order. On 2/26/2019

Murphy timely filed his amended notice of appeal, inter alia, from the Court's

foregoing orders entered 2/15/2019 and 5/17/2017 pursuant to  28 U.S.C.A. Sec.

158 (a) and B.R. 8002 (a) (b) (1) (2) (3).

C) 5/31/2017 and 2/26/2019 Murphy timely filed his appeal and amended notice

of appeal from the foregoing final orders entered 2/15/2019 and 5/17/2017 in

accordance with the foregoing discussion and authorities.

2

STATEMENT OF THE ISSUES PRESENTED

1.    While Murphy's, judgment creditor's, adversary proceedings, multiple

objections and supplemental objections and motions to convert debtor's,

Marinari's, bad faith, abusive, fraudulent and illegal Chapter 13 petition and

proceedings repeatedly seeking sanctions, conditions and damages were pending

over approximately 2 ½ years and without Marinari filing and serving and noticing

any mandatory formal motion to dismiss Marinari's Chapter 13 petition and

proceedings and without an evidentiary hearing, whether the Bankruptcy Court

clearly erred and/or abused its discretion entering an order on 5/17/ 2017

dismissing Marinari's Chapter 13 proceedings pursuant to 11 U.S.C.A. 1307 (b);

closing Murphy's adversarial  proceeding; and in the event Debtor files another

bankruptcy case within two years from the date hereof, the adversary proceeding

which Mr. Murphy filed against Debtor namely Adversary Proceeding No. 15-

0124 shall resume where it currently stands, which is that:  (1) discovery is

complete;  (ii) the parties filed  their Joint Pretrial Statement (See Docket Entry

No. 107);  and (iii)  a pretrial hearing should be promptly held to discuss the Joint

Pretrial Statement and schedule a trial date clearly contrary to applicable law

including 11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a)

(1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152, B.R. 1017 (f) (2), 9013. See, e.g.

3

*Marrama; In re Trans World Airlines, Inc.* 145 F.3d 124, 139 (3d Cir. 1998); *Ross v. AmeriChoice Fed. Credit Union*, 530 B.R. 277 (U.S.D.C. E.D. PA 2015).

2.      Whether Bankruptcy Court erred or abused its discretion to impose the foregoing improper, inadequate, insufficient and meaningless conditions in the May 17, 2017 order that in the event debtor files another bankruptcy case regarding possible resumption of Murphy's Adversary Proceeding at No. 15-0124 including without a formal mandatory motion and notice and service on Murphy and Trustee to dismiss under Section 1307 (b) and without an evidentiary hearing and without considering and deciding Murphy's repeated pending multiple motions and requests to convert and impose conditions, sanctions and damages including pursuant to Murphy's proposed conditions and sanctions filed 5/17/2017 pursuant to the 5/10/2017 hearing court's instructions clearly contrary to Murphy's fundamental Constitutional, legal and equitable rights including notice and meaningful opportunity to be heard pursuant to an evidentiary hearing guaranteed under the 5th Amendment of the United States Constitution and applicable law and Bankruptcy Code including but not limited to 11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152. B.R. 1017, 9013. See, e.g. *Marrama;  In re Trans World Airlines, Inc.*; *Ross.*

3.      Whether  Bankruptcy Court erred or abused its discretion entering foregoing inadequate, insufficient, improper and meaningless conditions raised for the first

4

time at the 5/7/2017 hearing regarding resumption of Murphy's Adversary

Proceeding at No. 15-0124 in the foregoing May 17, 2017 order without a

mandatory formal motion, notice and service on Murphy and the Trustee and

without an evidentiary hearing and without considering, deciding and imposing

appropriate, adequate, sufficient and meaningful conditions and sanctions against

Marinari involving her undisputed and egregious, bad faith, fraudulent, illegal,

abusive Chapter 13 petition and proceedings and reckless disregard for the truth for

over two years and necessary to redress and provide Murphy and the court any

adequate remedy, conditions and sanctions including to impose appropriate

conditions, sanctions and damages including pursuant to Murphy's proposed

conditions and sanctions filed 5/17/2017 pursuant to the Bankruptcy Court's

5/10/2017 hearing instructions involving Marinari's foregoing egregious, bad faith,

illegal and fraudulent Chapter 13 petition and proceedings contrary to 11 U.S.C.A.

Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328 (a)

(2), 18 U.S.C.A. 152, B.R. 1017, 9013. See, e.g. *Marrama; In re Trans World

Airlines, Inc.*; *Ross.*

4.      Whether Bankruptcy Court clearly erred and/or abused its discretion

pursuant to Court's order entered February 15, 2019 without an evidentiary hearing

denying Murphy's unopposed and unanswered motion to reconsider, vacate and/or

amend the court's 5/17/2017 dismissal order pursuant to debtor's purported 1307

(b) praecipe to dismiss also without an evidentiary hearing and without

considering, deciding and imposing appropriate, fair, necessary conditions and

sanctions against judgment debtor involving debtor's egregious continuing bad

faith, illegal Chapter 13 proceedings, petition and bad faith praecipe to dismiss

including contrary to applicable law and decisions including to F.R.C.P. 52, 59, 60

(a) (b) and Bankruptcy Rules 7052, 9023, 9024 and Bankruptcy Code 11 U.S.C.A.

Section 101 et seq. including 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a)

(1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152, B.R. 1017 (f) (2), 9013 and

Murphy's fundamental Constitutional, legal and equitable rights including to

notice and meaningful opportunity to be heard and evidentiary hearings guaranteed

under the 5th Amendment of the United States Constitution. *In North River*

*Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194 (3rd Cir. 1995), the court

reiterated the applicable appellate review standards regarding motions to

reconsider, vacate and/or alter or amend judgments under F.R.C.P. 52, 59 as

follows. Generally, the denial of a motion for reconsideration is reviewed for an

abuse of discretion. *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333

(3d Cir. 1985). However, "because an appeal from a denial of a Motion for

Reconsideration brings up the underlying judgment for review, the standard of

review varies with the nature of the underlying judgment." *McAlister v. Sentry Ins.*

*Co.*, 958 F.2d 550, 552-53 (3d Cir. 1992) (citing *Federal Kemper Ins. Co. v.*

6

*Rauscher*, 807 F.2d 345, 348-49 (3d Cir. 1986)). Where there is a mixed question of law and fact, "the reviewing court should separate the issue into its respective parts, applying the clearly erroneous test to the factual component, the plenary standard to the legal." *Ram Constr. Co. v. American States Ins. Co.*, 749 F.2d 1049, 1053 (3d Cir. 1984); see, also *Prusinsky v. Gianetti*, 282 F.3d 434 reh'g. den. 2002 U.S. App. Lexis 9047 (6th Cir) cert. den. 537 U.S. 485 regarding applicable review standards under F.R.C.P. 60 and *United States Aide Funds, Inc. v. Espinosa,* 559 U.S. 260; Johnson v. Rardin v. 700 Fed. Appx. 170 (3rd Cir. 2017); *Hatchigian v. Int'l Borough of Electrical Workers Local 98,* 610 Fed. Appx. 142 (3rd Cir. 2015); *Marrama; In re Trans World Airlines, Inc.*; *Ross.*

## CONCISE STATEMENT OF THE CASE

On 9/13/2006 Appellant, judgment creditor, (hereafter Murphy or Appellant) recovered a final judgment in the amount of $35,000 in the Delaware County Court of Common Pleas (state court) at No. 04-14217 based on judgment debtor's, Marinari's, admitted fraudulent misrepresentations during a bench trial, inter alia. On or about 2/24/2009 Marinari commenced an action in Delaware County Court of Common Pleas against Williams, et al at Docket No. 2009-005606 based on Murphy's foregoing final judgment debt arising from Marinari's foregoing actual fraud and misrepresentations at No. 04-14217 which Marinari settled on or about 4/29/2013 for approximately $35,000 without any notice to Murphy. Murphy also

7

obtained a default judgment against judgment debtor involving her continuous actual fraudulent and unlawful misconduct including fraudulent transfer of her foregoing settlement proceeds at No. 09-005606 paid to Marinari to satisfy Murphy's foregoing final judgment at No. 04-14217 in another civil action in Delaware County Court of Common Pleas at No. 13-10207.

On or about 11/14/2014 and 11/25/2014 and throughout the captioned proceedings Marinari filed sworn, false, illegal, bad faith, abusive, misrepresentations and untruthful Chapter 13 petition proceedings together with false and inaccurate financial records, statements, disclosures, schedules and plan including at the 341 hearing in the United States Bankruptcy Court Eastern District of Pennsylvania at No. 14-19066 which failed to comply with all the provisions of the Bankruptcy Code and by means forbidden by applicable law including non-dischargeability of Marinari's judgment debts arising from Marinari's repeated liability to Murphy based on foregoing final state court judgments traceable to her actual fraud including contrary to 11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152 and in order to avoid trial and execution in the foregoing state court proceedings. All the foregoing state proceedings have been stayed pursuant to the automatic stay under applicable law including the state court's order entered 1/28/2015. The indisputable record evidence demonstrates Marinari filed extensive false, unlawful,

untruthful, abusive, financial records, disclosure statements, schedules, 341

testimony and bad faith Chapter 13 petition and proceedings under oath over

approximately 2 and 1/2 years including but not limited to:  obtaining money from

Murphy based on her actual fraudulent misconduct resulting in the foregoing final

judgment in favor of Murphy against Marinari in the amount of $35,000 entered on

or about 9/13/2006;  continually  hiding and absconding with her assets and

avoiding execution since 9/13/2006 on the foregoing final judgments for

approximately 11 years; illegally hiding and transferring her assets and incurring

debts including preferential transfers in excess of $25,000.00 including settlement

proceeds from her settlement in excess of $25,000.00 in an action captioned

Marinari v. Williams, et al. Delaware County Court of Common Pleas No. 09-5606

involving the foregoing final judgment in favor of Murphy against Marinari in the

Court of Common Pleas, Delaware County, Pennsylvania No. 04-14217; repeated

falsified statements and schedules under oath including 341 hearing proceedings

and hearing involving the nature, source and extent of her financial affairs, assets,

gifts, income, expenses, payments, settlements, debts, transfers; concealment of

debtor's assets, fraudulent transfers and debt obligations; falsification of records;

fraudulent preferential transfers and payments; litigation tactics;  delaying state

court proceedings;  improper purposes; reckless indifference to the truth;

employment status; failure to list her position as an officer of several fraudulent

9

business entities utilized by debtor to actually fraudulently obtain money including as president of Dents and Details, Inc. involving debtor's fraudulent restoration of Murphy's antique automobile; and repeated deliberate misrepresentations and false statements and proceedings to the Trustee, the Court and creditors including Murphy causing irreparable prejudice to the Court, the Trustee, the public, and Murphy contrary to all the foregoing authorities and applicable law and decisions. See, e.g. ECF 1, 8, 9, 10 (debtor's bad faith, false proceedings, plan, financial records, statements, disclosures and schedules, inter alia), 19 (appellant's adversary complaint), 25 (motion to dismiss paragraphs 1-14 including Ex. 3 attached thereto; see e.g. App. A); ECF 131 paragraphs 1-23 (appellant's second motion to reconsider, vacate and amend 5-17-2017 order to which debtor never filed any answer thus admitting the allegations therein including Ex. 1 and 2 attached thereto, the latter exhibit 2 includes Murphy's specific request to impose conditions dated 5/16/2017 provided to debtor's attorney and filed 5-17-2017 (ECF-128) pursuant to the Court's specific order at the 5-10-2017 hearing to counsel to provide proposed orders, objections and conditions to be filed by debtor's counsel involving debtor's dismissal praecipe pursuant to Section 1307 (b), see, e.g. App. B attached hereto); Murphy's letter brief pursuant to Judge Chan's order ECF 146, 147; attached hereto as App. C are pertinent constitutional and statutory and Bankruptcy Rule provisions.

After approximately 3 years involving debtor's continuous foregoing bad faith, unlawful, false and abusive proceedings, delays and conclusion of discovery in the adversary proceedings, on 2/16/2017 debtor purportedly filed a document characterized as a "Praecipe to Voluntarily Dismiss Case". ECF 98. Debtor has never filed any formal motion/request including notice of motion and service on Murphy or Trustee to dismiss the case contrary to the mandatory provisions including under 11 U.S.C.A. Sec. 1307 (b), B.R. 1017 F (2), 9013 and applicable law. On 2/22/2017 Judge FitzSimon entered an order dismissing debtor's Chapter 13 case without notice or hearing. ECF 99. As noted, Murphy filed a timely notice of appeal from the 2/22/2017 dismissal order and a timely motion to reconsider and vacate the 2/22/2017 dismissal order which Judge FitzSimon granted and vacated the 2/22/2017 dismissal order.  ECF 100, 106, 119. On 4/7/2017 this Court remanded the matter due to Bankruptcy Court's lack of authority to authorize the Court to vacate the 2/22/2017 dismissal order. On 4/20/2017 Judge FitzSimon again vacated the 2/22/2017 dismissal order and directed Murphy's supplemental briefing schedule limited entirely, " …to whether a debtor has an absolute right to dismissal under Section 1307 (b) of the Bankruptcy Code";  and scheduled a hearing on 5/10/2017 which limited the hearing solely to oral argument based entirely on the foregoing limited issue, i.e. whether a debtor has an absolute right to dismissal under Section 1307 (b) of the Bankruptcy Code as follows. "A hearing

11

on the[foregoing] legal issue identified in paragraph (3) above shall be held on Wednesday May 10, 2017....This hearing shall be solely for oral argument". ECF 123.  At the 5/10/2017 hearing Judge FitzSimon instructed debtor's counsel to file a proposed order and instructed Murphy to provide Mr. Cataldo, his proposed conditions, sanctions and objections in opposition to debtor's counsel's proposed order/praecipe to dismiss under Section 1307 (b) and ordered Mr. Cataldo to file Murphy's foregoing request for conditions, sanctions and objections in opposition to debtor's 1307 (b) praecipe to dismiss together with Mr. Cataldo's proposed order to dismiss pursuant to debtor's praecipe. Accordingly on 5/16/2017 Murphy provided debtor's counsel, Mr. Cataldo, Murphy's proposed objections, conditions and sanctions to impose additional appropriate conditions and sanctions against debtor and/or her counsel including equal to the amount of the judgment plus interest based on debtor's continuing egregious, indisputable evidence of bad faith, untruthful, unlawful and abusive Chapter 13 proceedings which was filed on 5/17/2017 by debtor's counsel pursuant to the Court's foregoing orders at the 5/10/2017 hearing!  ECF 126, 127, 128, App. B, inter alia.

Without a formal mandatory motion and notice and service on Murphy and the Trustee to dismiss the case  pursuant to Section 1307 (b) BR 1017, (F) (2) and 9013 and applicable law, and without an evidentiary hearing to impose Murphy's requested conditions and sanctions involving debtor's egregious continuing bad

12

faith, untruthful and abusive proceedings over the last approximate 3 years

pursuant to the Court's foregoing instructions at the 5/10/2017 hearing (see, e.g

Murphy's foregoing request pursuant to Court's 5/10/2017 hearing including ECF

128, App. B), on 5/17/2017 the Court ordered debtor's Chapter 13 case dismissed

pursuant to Section 1307 (b);  closed Murphy's adversary case No. 15-0124 and

for the first time considered and imposed the foregoing erroneous, inadequate,

inappropriate, insufficient and meaningless conditions that Murphy's adversary

case shall resume where it currently stands including (i) discovery is complete, (ii)

joint pretrial statement has been filed and (iii) pretrial hearing should be held

promptly to discuss joint pretrial statement and schedule a trial date clearly

contrary to the Court's foregoing 4/20/2017, 5/10/2017 and 5/17/2017 hearing,

proceedings and orders and without an evidentiary hearing including considering,

deciding and imposing Murphy's foregoing specific request to impose conditions

and sanctions and objections based on debtor's indisputable egregious continuing

bad faith, untruthful and abusive proceedings over the last approximate 3 years

including pursuant to the Court's foregoing specific instructions at the 5/10/2017

hearing (see, e.g. foregoing motions including ECF 128, App. B). ECF 129.

The foregoing 5/17/2017 order clearly and erroneously stated that Murphy

did not request any conditions be imposed in the event the court was inclined to

rule in debtor's favor on her praecipe/motion for a voluntary dismissal under 1307

(b). The order further and specifically stated that,

> "If Mr. Murphy had requested that any condition(s) be imposed
> on the dismissal of Debtor's bankruptcy case, the Court would
> have scheduled an evidentiary hearing to determine whether there
> were grounds for imposing such condition(s)." ECF 129, Id. 3, Fn. 2.

Contrary to the Court's foregoing 5/17/2017 order, it is indisputable that

Murphy repeatedly requested equitable relief including sanctions throughout the

entire proceedings including on 5/17/2017 Murphy's specific request was filed

requesting that the Court impose additional appropriate conditions including

sanctions against debtor and/or her counsel including equal to the amount of the

$35,000.00 judgment plus interest based on debtor's continuing egregious,

untruthful, bad faith proceedings, Chapter 13 petition and purported praecipe to

dismiss pursuant to Section 1307 (b)! ECF 126, 127 and 128, APP. B, unopposed

and unanswered motion to vacate, etc.; ECF 131, paragraphs 1-23 including

paragraph 8; Ex. 2, inter alia.

As noted, it is undisputed that on 5/27/2017 Murphy filed a second

expedited/emergency motion to reconsider, vacate and make findings of fact and/or

alter or amend the final judgment entered 5/17/2017 including seeking relief

pursuant to F.R.C.P. 52, 59 and 60 and Bankruptcy Rules, inter alia. ECF 131.

Over the last approximate 2 years, debtor did not file any opposition answer or

objections to Murphy's foregoing second motion to reconsider, vacate and make

14

findings of fact and/or or alter or amend the final judgment entered 5/17/2017 thus admitting the foregoing allegations in Murphy's foregoing motion paragraphs 1-23 confirming the Court clearly erred in entering the 5/17/2017 order dismissing Marinari's voluminous, egregious, continuing, untruthful, bad faith Chapter 13 proceedings, petition and purported praecipe to dismiss pursuant to Section 1307 (b) without filing, noticing and serving a mandatory formal motion to dismiss pursuant to Section 1307 (b) and without scheduling and conducting an evidentiary hearing to determine whether to impose any additional appropriate, meaningful, necessary conditions and sanctions based on Marinari's foregoing bad faith petitions, proceedings and praecipe contrary to all the foregoing proceedings including the Court's 4/20/2017, 5/10/2017 and 5/17/2017 proceedings, requests, hearing and orders and applicable law and foregoing authorities and decisions.

On 5/31/2017 Murphy filed a notice of appeal from the final 5/17/2017 dismissal order.  ECF 132.  On 9/29/2017 the debtor's case was reassigned to Judge Chan. ECF 142.  On or around July 2018 apparently the District Court's staff contacted the Bankruptcy Court's staff to decide the pending foregoing second reconsideration motion. Pursuant to the Bankruptcy Court's instructions (ECF 146), Murphy filed an additional letter brief at ECF 147 and subsequently the Court scheduled oral argument on Murphy's pending foregoing reconsideration motion on 1/29/2019 without an evidentiary hearing.

It is indisputable since the inception of the proceedings over approximately 3 years and in accordance with all the foregoing voluminous records and proceedings including Murphy's foregoing proceedings and motions including adversary complaint, motion to dismiss filed on 5/12/2015, request for conditions, sanctions and objections (ECF-128) pursuant to the Bankruptcy Court's order at 5-10-2017 hearing to counsel to file proposed orders and Murphy's request for conditions, sanctions and objections and unopposed motion to reconsider filed on 5/27/2017, Murphy repeatedly requested appropriate equitable relief including imposing appropriate conditions and sanctions, inter alia, including based on Marinari's continuing, sworn misrepresentations, untruthful, fraudulent, bad faith, abusive, improper, unlawful scheme, schedules, financial statements, misconduct and plan in violation of her fiduciary and equitable  obligations to Murphy, the Court and the public contrary to all the foregoing authorities and applicable law and decisions. See, e.g. ECF 1, 8, 9, 10, 19, 25, 98, 99, 106, 119, 122, 123, 126, 127, 128, 129, 131, 147, APP. A, B, C.

On 2/15/2019 Judge Chan denied Murphy's foregoing unopposed and unanswered second motion to reconsider, vacate or amend the Court's dismissal entered 5/17/2017 together with an accompanying opinion without scheduling an evidentiary hearing from which Murphy has prosecuted the within appeals.  ECF 151, 152, 155.

16

## SUMMARY OF ARGUMENT

The indisputable record evidence demonstrates Marinari filed the foregoing extensive sworn, false, unlawful, untruthful, abusive, financial records, disclosure statements, schedules, 341 testimony and bad faith Chapter 13 petition and proceedings under oath and praecipe to dismiss pursuant to 1307 (b) over approximately 2 and 1/2 years without filing, serving and noticing a mandatory formal motion to dismiss contrary to 1307 (b), B.R. 1017 and 9013 in order to avoid appropriate equitable remedies, conditions, sanctions and damages involving Marinari's foregoing egregious sworn misrepresentations, false, unlawful and bad faith Chapter 13 petition proceedings, statements, schedules and plan over approximately 2 and 1/2 years. On 2/16/2017 Marinari filed a purported praecipe characterized as "Praecipe to Voluntarily Dismiss Case" without a mandatory formal motion, service and notice on Murphy and the Trustee contrary to the foregoing authorities and following cases including 11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152, B. R. 1017 (F), (2), and 9013, inter alia.

Without a formal motion/request and notice to voluntarily dismiss Marinari's Chapter 13 petition proceedings and without an evidentiary hearing, on 5/17/2017 the Bankruptcy Court clearly erred and/or abused its discretion entering an order dismissing Marinari's Chapter 13 proceedings pursuant to 11 U.S.C.A.

1307 (b) and closing Murphy's adversarial proceedings and for the first time raising, considering and imposing insufficient, improper, inadequate, inappropriate, meaningless and erroneous conditions that: in the event Debtor files another bankruptcy case within two years from the date hereof, the adversary proceeding which Mr. Murphy filed against Debtor namely Adversary Proceeding No. 15-0124 shall resume where it currently stands, which is that: (1) discovery is complete; (ii) the parties filed their Joint Pretrial Statement (See Docket Entry No. 107); and (iii) a pretrial hearing should be promptly held to discuss the Joint Pretrial Statement and schedule a trial date manifestly contrary to the 5th Amendment to the United States Constitution, and all the foregoing authorities and decisions. Obviously, Marinari will never file any further bankruptcy proceeding which would expose her to appropriate equitable conditions, sanctions and damages based on her foregoing indisputable egregious bad faith proceedings which fails to provide any adequate equitable remedies to Murphy, the Court and the public including to remedy, prevent and deter abuse of bankruptcy proceedings contrary to the best interest of Murphy, the Court, the public and Marinari's fiduciary duties as a Trustee and the Congressional purpose to afford the honest but unfortunate debtor a fresh start not shield those who abuse the bankruptcy process to avoid paying their debts and enable further abusive proceedings by other debtors including Marinari.  11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b)

18

(c), 1325 (a) (1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152, applicable law and following decisions. See e.g. *Marrama; In re Trans World; Ross; In re Cohen*, 106 F.3d 52 (3d Cir. 1997) aff'd   523 U.S. 213, 218; B.R. 1017 (f) (2), 9013; *Grogan* v. *Garner,* 498 U.S. 279, 287; *In Re Forever Green Ath. Fields, Inc.,* 804 F.3d 328 (3ʳᵈ Cir. 2015); *In re Lilley*, 91 F.3d 491 (3d Cir. 1996); *Tamecki v. Frank,* 229 F.3d 205 (3ʳᵈ Cir. 2000); *In re Love,* 957 F.2d 1350 (7ᵗʰ Cir. 1992); *In re Kaiser Aluminum Corp.,* 456 F.3d 328, 340 (3d Cir. 2006); *In re Jacobsen,* 609 F.3d 647, 660 (5th Cir. 2010), *In re Molitor,* 76 F.3d 218 (8th Cir. 1996), *In re Rosson,* 545 F.3d 764 (9th Cir. 2008); *In re Fleurantin,* 420 Fed. Appx. 194, 2011 U.S. App. LEXIS 6322, p. 7 (although not precedential this decision is persuasive and relies on *Kaiser,* supra); *Taylor v. Winnecour*, 460 B.R. 673; *In re: Caola,* 422 B.R. 13 (U.S.B.C., NJ 2010) collecting cases and relying on *In Re: Armstrong,* 408 B.R. 559 (E.D.NY 2009) concluding Second Circuit's theory of debtor's absolute right under Section 1307 (b) is no longer appropriate authority including relying on the Supreme Court's Marrama's analysis, inter alia; *In Re Jensen,* 369 B.R. 210; *In Re Chambers, Bankr. LEXIS 334; In re Jacobsen*, 609 F.3d 647, 649 (2010); *In re Gaudet*, 132 B.R. 670, 676 (D.R.I. 1991); *In re Fonke*, 310 B.R. 809, 814 (Bankr. S.D. Tex. 2004); *In re Crowell*, 292 B.R. 541, 543 (Bankr. E.D. Tex. 2002); *In re Johnson*, 228 B.R. 663, 668 (Bankr. N.D. Ill. 1999); *In re Casteel*, 207 B.R. 185,

187 (Bankr. E.D. Ark. 1997); *In re Powers*, 48 B.R. 120, 121 (Bankr. M.D. La. 1985).

While Murphy's adversary proceedings, multiple objections and motions to convert debtor's, Marinari's, bad faith, abusive and illegal Chapter 13 petition and proceedings and purported praecipe to dismiss including Murphy's specific request to impose sanctions, conditions and damages were pending over approximately two and a half years including Murphy's requests to impose conditions and sanctions pursuant to the Court's specific orders at the 5/10/2017 hearing filed on 5/17/2017 (ECF 128, App. A) and without Marinari filing, serving and noticing any mandatory motion to dismiss Marinari's Chapter 13 petition and proceedings and without an evidentiary hearing and without considering or deciding Murphy's request to impose conditions and sanctions filed 5/17/2017 pursuant to the Court's foregoing 5/10/2017 order, the Bankruptcy Court clearly erred and/or abused its discretion erroneously entering the foregoing order on 5/17/2017 dismissing Marinari's Chapter 13 proceedings pursuant to 11 U.S.C.A. 1307 (b) and closing Murphy's adversary case and imposing inadequate, insufficient, improper, meaningless conditions that in the event Marinari files a bankruptcy case within 2 years from the date of the order Murphy's foregoing adversary proceedings will resume as of the date of the order i.e. 5/17/2017 contrary to the 5th Amendment to

the United States Constitution and foregoing Bankruptcy Code provisions and applicable law and decisions.

The Bankruptcy Court clearly erred or abused its discretion to impose the foregoing improper, inadequate, insufficient and meaningless conditions pursuant to court's 5/17/2017 order regarding non-existent resumption of Murphy's Adversary Proceeding at No. 15-0124 purportedly pursuant to its status as of the date of the court's foregoing 5/17/2017 order including without a mandatory formal motion, notice and service under 1307 (b), 1017 (F) (2) and 9013, without an evidentiary hearing and without considering and deciding Murphy's pending multiple motions and requests to convert and impose Murphy's requested conditions, sanctions and damages including in particular where the court admitted that if Murphy had requested conditions and sanctions, the court would have scheduled an evidentiary hearing to determine whether any appropriate condition or conditions be imposed contrary to the 5th Amendment to the United States Constitution and foregoing Bankruptcy Code provisions, applicable law and decisions. It is undisputed that the record demonstrates, in fact, Murphy repeatedly requested the court impose equitable and appropriate conditions and sanctions and objections (including ECF 128, inter alia, APP. B) to Marinari's proposed purported praecipe to dismiss pursuant to Section 1307 (b) pursuant to the court's 5/10/2017 order. Under the circumstances, appellant respectfully submits that the

21

court clearly erred and/or abused its discretion entering the 5/17/2017 order contrary to Murphy's fundamental Constitutional, legal and equitable rights and all the foregoing proceedings including the Court's 4/20/2017, 5/10/2017 and 5/17/2017 proceedings, hearing and orders including notice and opportunity to be heard pursuant to an evidentiary hearing guaranteed under the 5th Amendment of the United States Constitution and applicable law including foregoing statutory provisions and decisions.

The court erred or abused its discretion entering foregoing inadequate, insufficient, improper and meaningless conditions regarding resumption of Murphy's Adversary Proceeding at No. 15-0124  in the court's foregoing May 17, 2017 order subdivision 3 without imposing appropriate necessary, fair, equitable and sufficient conditions and sanctions against Marinari involving her foregoing undisputed and egregious, bad faith, fraudulent, illegal, abusive Chapter 13 petition and proceedings and reckless disregard for the truth for over two years and necessary to redress or provide Murphy and the court any adequate remedy, conditions and sanctions resulting from Marinari's foregoing egregious, bad faith, illegal and fraudulent Chapter 13 petition and proceedings including without affording Murphy notice and an opportunity to be heard pursuant to an evidentiary hearing based on a timely and properly filed, served and noticed motion to dismiss pursuant to 1307 (b) contrary to all the foregoing authorities and decisions.

22

The court clearly erred or abused its discretion including pursuant to the court's order entered 2/15/2019 denying Murphy's unanswered, unopposed motion to reconsider, vacate or amend the court's dismissal order entered 5/17/2017 including where the court's 5/17/2017 order erroneously stated that Murphy did not request imposition of conditions or sanctions in the event the court was inclined to rule in debtor's favor on her purported praecipe for a voluntary dismissal under 1307 (b) and stated that if Murphy had requested that any conditions be imposed on the dismissal of debtor's bankruptcy case, the court would have scheduled an evidentiary hearing to determine whether there were grounds for imposing such conditions and sanctions including contrary to applicable law and foregoing decisions including to F.R.C.P. 52, 59, 60 and Bankruptcy Rules 7052, 9023, 9024 and foregoing Constitutional, Bankruptcy Code provisions and Murphy's fundamental Constitutional, legal and equitable rights including to notice and opportunity to be heard and evidentiary hearing guaranteed under the 5th Amendment of the United States Constitution including without imposing appropriate, fair, necessary conditions and sanctions against judgment debtor based on her egregious continuing bad faith, illegal Chapter 13 proceedings to remedy debtor's egregious bad faith petition, proceedings and praecipe.

## ARGUMENT

23

1.      **While Murphy's adversary proceedings, multiple objections and supplemental objections and motions to convert debtor's, Marinari's, bad faith, abusive, fraudulent and illegal Chapter 13 petition and proceedings including repeatedly seeking sanctions, conditions and damages were pending over approximately 2 ½ years and without Marinari filing, serving and noticing any mandatory formal motion to dismiss Marinari's Chapter 13 petition and proceedings and without an evidentiary hearing, the Court clearly erred and/or abused its discretion entering an order on 5/17/ 2017 dismissing Marinari's Chapter 13 proceedings pursuant to 11 U.S.C.A. 1307 (b); closing adversary proceedings and imposing meaningless, inadequate and insufficient conditions regarding non-existent resumption of Murphy's adversarial proceedings in the event debtor files another bankruptcy within 2 years.**

In *Marrama,* the Court specifically decided a debtor does not have an absolute right to convert a Chapter 7 proceeding to a Chapter 13 proceeding if the debtor has engaged in bad faith. The Court held that Marrama had forfeited his right to proceed under Chapter 13. The Court looked to § 1307(c). That section provides that a Chapter 13 proceeding may be dismissed or converted to a Chapter 7 proceeding "for cause." It also includes a nonexclusive list of acts and omissions that constitute "cause" to justify conversion or dismissal. The Court acknowledged

24

that prepetition bad faith was not on that list, but recognized that "[b]ankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" The Court equated "a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad faith" with a "ruling that the individual does not qualify as a debtor under Chapter 13." Consequently, it concluded, Marrama's bad faith made him ineligible for relief under Chapter 13 so that denial of his motion to convert was authorized pursuant to § 706(d). The Court then cited the bankruptcy courts' equitable powers under 11 U.S.C. § 105(a)6 as "adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors." The Court cited § 105(a) as a means by which the bankruptcy courts could avoid the "procedural anomaly" of converting a Chapter 7 case to a Chapter 13 case even though it "will thereafter be dismissed or immediately returned to Chapter 7." See, also *Ross, supra.*, collecting and discussing the foregoing perceived authoritative split involving *Marrama* and *Law v. Siegel*, 134 S. Ct. 1188 asserting that at most Marrama dictum suggests in some circumstances a bankruptcy court may be authorized to dispense with futile procedural niceties in order to reach more expeditiously an end result under the Code. In *Ross,* this court recognized that

25

neither the Supreme Court or the Third Circuit or the Pennsylvania Eastern District Court has specifically decided whether Section 1307 (c) constitutes an exception to Section 1307 (b) alleged dismissal proceedings and  rejected Marrama's analysis concluding a debtor has as an absolute right to dismiss pursuant to a formal motion and notice to dismiss pursuant to 1307 (b) notwithstanding the inherent and statutory provisions empowering the court to provide equitable remedies including conditions and sanctions pursuant to Section 105 and 1307 (c) when the foregoing Code provisions as a whole including 1307 (b) (c) are read in pari materia involving the critical congressional intent to prevent all debtors to file false, fraudulent, bad faith petitions including pursuant to Chapter 13 necessary to vindicate the court's dignity and authority and protect creditors and the public from illegal and bad faith proceedings in order to afford the honest and unfortunate debtor a fresh start not to shield debtors who abuse the bankruptcy process in order to avoid paying their debts via voluntary dismissal with impunity which would render Section 1307 (c) meaningless and open the bankruptcy courts to a myriad of potential abuses as exemplified in the captioned matter.

As noted, the vast weight of authority concludes that the court is authorized and should decide and grant a pending motion to convert involving debtor's bad faith proceedings and reject debtors bad faith proceedings including a formal motion to voluntarily dismiss bad faith proceedings pursuant to 1307 (b) much less

a praecipe to protect the creditors, the public and the court from the foregoing dishonest debtors as in the captioned case. In *In re Rosson*, 545 F.3d 764, 772 (2008), declared "After *Marrama* . . . the 'absolute right' position [of § 1307(b) dismissal] is no longer viable." To come to this conclusion, the Ninth Circuit read *Marrama* as a broad pronouncement "that even otherwise unqualified rights in the debtor are subject to limitation by the bankruptcy court's power under § 105(a) to police bad faith and abuse of process." The Ninth Circuit acknowledged that the statutory language of "*§ 706* states that a *debtor* 'may' convert a case, whereas § 1307(b) states that the *court* 'shall' dismiss a case at the debtor's request." *Id.* It characterized this difference, however, as "not dispositive," and found the language of these two statutory sections "indistinguishable." *Id.* at 773; *Id.* at 773 n.12. In the case under its review, it held that the bankruptcy court did not abuse its discretion in converting Rosson's bankruptcy case on its own motion and denying voluntary dismissal, finding such action "specifically approved by *Marrama* . . . ." *Id.* at 775. Similarly, the Fifth Circuit Court of Appeals cited *Marrama* to "hold that the right to dismiss under 11 U.S.C. § 1307(b) is subject to a limited exception for bad-faith conduct or abuse of the bankruptcy process . . . ." *In re Jacobsen*, 609 F.3d 647, 649 (2010). There, the Fifth Circuit was persuaded that in *Marrama*, "the Court spoke in clear terms that bankruptcy courts have broad authority to take any action that is necessary or appropriate to prevent an abuse of process under §

27

105(a) of the Code and that they would have such power even in the absence of §

105(a) due to the inherent power of every federal court to sanction abusive

litigation practices." *Id.* at 661 (quotations omitted). Similar to the Ninth Circuit, it

found there to be "no analytical distinction" in the statutory language of § 706(a)

and § 1307(b). *Id.* at 660.  The foregoing decisions repeatedly decided that giving a

debtor an absolute right to dismiss would "condone [and] enable further bad faith

conduct by a debtor who is faced with a Motion to Dismiss under 11 U.S.C. §

1307(c)."  These decisions  have read a bad faith exception into § 1307(b). *See,*

*e.g., Molitor*, 76 F.3d at 220 ("To allow Molitor to respond to a motion to convert

by voluntarily dismissing his case with impunity would render section 1307(c) a

dead letter and open up the bankruptcy courts to a myriad of potential abuses.");

*In re Fonke*, 310 B.R. 809, 813 (Bankr. S.D. Tx. 2004) ("The concern of these

courts is that an absolute right to dismiss in face of allegations of fraud and bad

faith will encourage abuse of the bankruptcy systems by dishonest individuals who

are misusing the system."). As noted, most other courts shared these concerns and

agreed with the "honest but unfortunate debtor" rationale. *See, e.g., In re Gaudet*,

132 B.R. 670, 676 (D.R.I. 1991) ("Reading subsections (b) and (c) *in pari materia*

leads one to the conclusion that Congress could not have intended to give a debtor

an absolute right to obtain dismissal of a Chapter 13 case."); *In re Fonke*, 310 B.R.

809, 814 (Bankr. S.D. Tex. 2004) ("[T]his Court agrees with those courts that have

28

concluded that the right to dismissal is not absolute when there is a pending motion to convert or there are allegations of fraud or bad faith."); *In re Crowell*, 292 B.R. 541, 543 (Bankr. E.D. Tex. 2002) ("The Court concludes that the Debtor's 'absolute' right to dismiss a case under § 1307(b) is a myth and a misreading of the Code."); *In re Johnson*, 228 B.R. 663, 668 (Bankr. N.D. Ill. 1999) ("[A] debtor's right to voluntary dismissal of a Chapter 13 petition under § 1307(b) can be trumped under certain circumstances by a motion to convert under § 1307(c)."); *In re Casteel*, 207 B.R. 185, 187 (Bankr. E.D. Ark. 1997) ("[A] debtor does not have the absolute right to dismiss a voluntary Chapter 13 case where abuse of the Bankruptcy Code is shown."); *In re Powers*, 48 B.R. 120, 121 (Bankr. M.D. La. 1985) (ruling that right to voluntary dismissal "does not apply where the debtor has filed the case for an improper purpose, in bad faith, or to abuse or misuse the bankruptcy process").

It is undisputed that Marinari has never filed a formal mandatory motion together with notice to dismiss pursuant to 1307 (b). For over two and a half years Murphy had filed multiple extensive pending motions, objections including motion to convert and request to impose conditions and sanctions and adversary proceedings including pursuant to the Court's 5/10/2017 hearing instructions (ECF 128) based on Marinari's egregious continuing sworn, false, fraudulent, unlawful and bad faith Chapter 13 proceedings, petition, plan,

disclosure statements, schedules, 341 testimony. While the foregoing proceedings

and motions were pending over two and a half years and delayed by debtor,

Marinari purported to file a praecipe to dismiss pursuant to 1307 (b). Without an

evidentiary hearing and without considering or deciding Murphy's foregoing

pending proceedings including motion to convert and without considering

Murphy's repeated requests to impose conditions and sanctions including filed on

5-17-2017 pursuant to the Court's orders at the 5-10-2017 hearing (ECF 128), the

Bankruptcy Court erred in dismissing the case on 5/17/2017 based on Marinari's

alleged absolute right to dismiss pursuant to a praecipe contrary to Court's inherent

equitable power including Section 105, 1307 (b) (c), B.R. 1017 (f) (2) and 9013

and applicable law and foregoing decisions. Murphy respectfully submits that

Court's foregoing 5/17/2017 order dismissing Marinari's Chapter 13 petition

pursuant to Section 1307 (b) without a formal motion and notice and service on

Murphy and the Trustee without an evidentiary hearing and without considering or

deciding Murphy's foregoing proceedings, petitions, motions to convert and

repeated requests to impose conditions and sanctions including pursuant to the

Court's order at the 5-10-2017 hearing including pursuant to Murphy's most recent

request to impose conditions and sanctions filed 5-17-2017 is clearly erroneous and

contrary to Court's inherent equitable power including foregoing Code provisions

including 105, 1307 (b) (c) authorities and decisions. See, e.g. 5th Amendment to

the United States Constitution, *Marrama*, *Jacobsen, Molitor, Ross,* inter alia. (See, e.g. ECF 1, 8, 9, 10, 19, 25, 98, 99, 106, 119, 122, 123, 126, 127, 128, 129, 131, 147, APP. A, B, C.

2.      **The Bankruptcy Court erred or abused its discretion to impose the foregoing improper, inadequate, insufficient and meaningless conditions in the court's May 17, 2017 order that in the event debtor files another bankruptcy case regarding non-existent resumption of Murphy's Adversary Proceeding at No. 15-0124 purportedly pursuant to its status as of the date of the court's foregoing 5/17/2017 order including without an evidentiary hearing and without considering and deciding Murphy's repeated pending multiple motions and requests to convert and impose conditions, sanctions and damages including pursuant to Murphy's proposed conditions and sanctions filed 5/17/2017 pursuant to the court's 5/10/2017 order during the 5/10/2017 hearing including without Marinari filing and serving any mandatory motion, service and notice contrary to Murphy's fundamental Constitutional, legal and equitable rights including notice and opportunity to be heard pursuant to an evidentiary hearing guaranteed under the 5th Amendment of the United States Constitution and applicable law including but not limited to 11 U.S.C.A. Section 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328 (a) (2), 18 U.S.C.A. 152. B.R. 1017 (f) (2), 9013.**

As noted although some courts including this court have concluded that the bankruptcy court lacks any authority to consider and decide pending motions to convert and impose appropriate sanctions and damages pursuant to Chapter 7 based on debtor's illegal and bad faith Chapter 13 proceedings on the basis that debtor has a perceived absolute right to dismiss pursuant to 1307 (b) without considering in pari materia the immediately following 1307 (c) which clearly expresses the congressional intent to prevent dishonest debtors from abusing the entire bankruptcy proceedings causing irreparable prejudice to Murphy, the court and the public, these courts have attempted to fill the vacuum through imposing conditions and sanctions on the debtors 1307 (b) perceived absolute right to dismissal. See, e.g. *Ross* collecting cases and authorities. In *Ross,* the court reiterated that while the court must ultimately grant a debtor's formal voluntary motion to dismiss under 1307 (b), the Court can do so with prejudice and place conditions on the dismissal if it finds them appropriate because Section 1307 (b) is not self-executing and therefore the dismissal order may impose sanctions and conditions if the circumstances indicate fraud, bad faith or abuse of litigation tactics as in the present case.

Accordingly, in *Ross,* the court collecting cases decided that the bankruptcy court's order dismissing Ross' Chapter 13 case pursuant to creditor's Section 1307 (c) motion involving debtor's bad faith rather than Ross' Section 1307 (b) formal

32

motion to dismiss was harmless err and affirmed the court's proceeding with the case and imposition of de minimus conditions enjoining debtor from filing a subsequent bankruptcy petition without permission, involving  debtor's textbook examples of bad faith to frustrate state court litigation, albeit without opinion.

As noted in the captioned matter, Murphy's foregoing proceedings, adversary proceedings, motions including motion to convert requesting equitable relief including sanctions over the last two and a half years and Murphy's specific request dated 5/16/2017 to impose conditions and sanctions in opposition to debtor's 1307 (b) praecipe to dismiss under 1307 (b)  pursuant to the Bankruptcy Court's 5/10/2017 order at that hearing filed by debtor's counsel on 5/17/2017 (ECF 128 )were pending prior to the court's 5/17/2017 order granting debtor's 1307 (b) purported praecipe to dismiss. As noted, the Bankruptcy Court's 5/17/2017 dismissal order erroneously stated that Murphy allegedly did not request imposition of any conditions or sanctions in the event the court was inclined to rule in debtor's favor on her voluntary praecipe-motion for 1307 (b) dismissal. The court stated that if Murphy had requested imposition of any conditions to be imposed on the dismissal of debtor's bankruptcy case, the court would have scheduled an evidentiary hearing to determine whether there were grounds for imposing such conditions! 5/17/2017 order, Id. 3 Fn. 2. (ECF 128, 131).

Murphy respectfully submits that the Bankruptcy Court's foregoing
5/17/2017 order without Marinari filing a mandatory formal motion pursuant to
1307 (b) and without an evidentiary hearing including considering an deciding
Murphy's foregoing proceedings including motion to convert and specific request
to impose conditions and sanctions provided to Marinari's counsel on 5/16/2017
and filed 5/17/2017 by Marinari's counsel pursuant to the court's order at the
5/10/2017 hearing is clearly erroneous and an abuse of discretion and contrary to
the foregoing proceedings including the court's own orders on 4/20/2017,
5/10/2017 hearing and the 5/17/2017 order dismissing the case pursuant to
Marinari's praecipe to dismiss pursuant to Section 1307 (b) and the foregoing
authorities and decisions specifically stating that the court would have scheduled
an evidentiary hearing to determine whether there were grounds for imposing
appropriate conditions! 5/17/2017 order, Id. 3 Fn. 2 (ECF 128, 131, inter alia). See,
e.g. 5th Amendment to the United States Constitution, *Marrama, Molitor, Ross*.

3.      **The Court erred or abused its discretion entering foregoing inadequate,
insufficient, improper and meaningless conditions regarding non-existent
resumption of Murphy's Adversary Proceeding at No. 15-0124 in the court's
foregoing May 17, 2017 order without considering, deciding and imposing
appropriate, adequate, sufficient and meaningful conditions and sanctions
against Marinari involving her undisputed and egregious, bad faith,**

**fraudulent, illegal, abusive Chapter 13 petition and proceedings and reckless disregard for the truth for over two years and necessary to redress and provide Murphy and the court any adequate remedy, conditions and sanctions including to impose appropriate conditions, sanctions and damages including pursuant to Murphy's proposed conditions and sanctions filed 5/17/2017 pursuant to the Court's 5/10/2017 order involving Marinari's foregoing egregious, bad faith, illegal and fraudulent Chapter 13 petition and proceedings including without affording Murphy notice and an opportunity to be heard pursuant to an evidentiary hearing based on a timely and properly filed, served and noticed motion to dismiss contrary to the foregoing authorities, decisions and applicable law.**

As noted in *Ross,* this court reiterated its belief that while the court must ultimately grant a debtor's formal voluntary motion to dismiss under 1307 (b) he can do so with prejudice and place conditions on the dismissal if it finds them appropriate because Section 1307 (b) is not self-executing and therefore the dismissal order may impose sanctions and conditions if the circumstances indicate fraud, bad faith or abuse of litigation tactics as in the present case. In *Ross,* the court decided that the bankruptcy court's order dismissing Ross' Chapter 13 case pursuant to creditor's Section 1307 (c) motion involving debtor's bad faith rather than Ross' Section 1307 (b) formal motion to dismiss was harmless err and

affirmed the court's proceeding with the case and imposition of de minimus conditions enjoining debtor from filing a subsequent bankruptcy petition without permission, involving debtor's textbook examples of bad faith to frustrate state court litigation, albeit without opinion.

In the captioned matter, Murphy's foregoing proceedings, adversary proceedings, motions including motion to convert requesting equitable relief including sanctions over the last two and a half years including Murphy's most recent specific request dated 5/16/2017 to impose conditions and sanctions in opposition to debtor's purported 1307 (b) praecipe to dismiss under 1307 (b) pursuant to the Bankruptcy Court's 5/10/2017 order at that hearing filed by debtor's counsel on 5/17/2017 pursuant to the Court's instructions (ECF 128, 131) involve voluminous proceedings, time and effort by Murphy and the court regarding Marinari's egregious sworn, false, fraudulent, unlawful, illegal, bad faith proceedings, Chapter 13 proceedings, disclosure statements, schedules, 341 testimony and plan causing continuing irreparable prejudice to Murphy, the court and the public which were admittedly pending prior to the court's 5/17/2017 order granting debtor's 1307 (b) purported praecipe to dismiss without an evidentiary hearing including to avoid appropriate and meaningful sanctions, conditions and damages pursuant to Chapter 7.  Furthermore, as noted, the Bankruptcy Court's 5/17/2017 dismissal order clearly erred in deciding that Murphy allegedly did not

36

request imposition of any conditions or sanctions in the event the court was

inclined to rule in debtor's favor on her voluntary purported1307 (b) praecipe to

dismiss contrary to all the foregoing authorities. The court decided that if Murphy

had requested imposition of any conditions to be imposed on the dismissal of

debtor's bankruptcy case, the court would have scheduled an evidentiary hearing to

determine whether there were grounds for imposing such conditions! 5/17/2017

order, Id. 3 Fn. 2, ECF 128, 129, 131.

Murphy respectfully submits that the Bankruptcy Court's foregoing

5/17/2017 order without Marinari filing a mandatory formal motion pursuant to

1307 (b) and without an evidentiary hearing including considering an deciding

Murphy's  foregoing proceedings including motion to convert and specific request

to impose severe conditions and sanctions provided to Marinari's counsel on

5/16/2017 and filed 5/17/2017 by Marinari's counsel pursuant to the court's order

at the 5/10/2017 hearing is clearly erroneous and an abuse of discretion and

contrary to the foregoing proceedings including the court's own orders entered

4/20/2017, 5/10/2017 hearing  and the 5/17/2017 order dismissing the case

pursuant to Marinari's praecipe to dismiss pursuant to Section 1307 (b) and the

foregoing authorities and decisions specifically deciding that the court would have

scheduled an evidentiary hearing to determine whether there were grounds for

imposing appropriate conditions if Murphy had requested any conditions be

37

imposed on the dismissal of debtor's bankruptcy case! 5/17/2017 order, Id. 3 Fn. 2.

(ECF 128, 129, 131, APP. B). See, e.g. 5th Amendment to the United States

Constitution, *Marrama, Molitor, Ross*. As noted, for the first time at the 5/17/2017

hearing and order the court clearly erred and/or abused its discretion imposing

inadequate, insufficient, inappropriate and meaningless condition that in the event

Marinari files a further bankruptcy case within 2 years from the date of the court's

5/17/2017 order, Murphy's adversary case shall resume where it currently stands

on the date of the court's 5/17/2017 order including i) completion of discovery; ii)

the parties filed their joint pretrial statement; and iii) a pretrial hearing should be

held to discuss the pretrial statement and schedule a trial date. Obviously, under the

foregoing circumstances involving Marinari's egregious bad faith Chapter 13

proceedings, Marinari and her counsel will never file another bankruptcy case

including within two years from the 5/17/2017 order and risk exposure to severe

conditions and sanctions based on their foregoing egregious bad faith Chapter 13

proceedings and petition.  Murphy respectfully submits that the court clearly erred

and/or abused its discretion imposing inappropriate, inadequate, insufficient,

improper meaningless conditions without Marinari filing a formal mandatory 1307

(b) motion, service and notice on Murphy and the Trustee and without an

evidentiary hearing and without considering, deciding and imposing appropriate,

adequate, sufficient, meaningful conditions and sanctions including equivalent to

the voluminous proceedings, time, effort, cost and counsel fees and/or equivalent

to the amount of  the judgment against Marinari to redress and vindicate the court's

dignity and injury and damages to Murphy and protect the public from bad faith,

unlawful, bankruptcy proceedings and petitions including Chapter 13 by Marinari

and other debtors as exemplified in the captioned matter contrary to all the

foregoing authorities and decisions. See, e.g. 5th Amendment to the United States

Constitution, *Marrama, Molitor, Ross*.

**4.      Whether Bankruptcy Court clearly erred and/or abused its discretion**

**pursuant to Court's order entered February 15, 2019 without an evidentiary**

**hearing denying Murphy's unopposed and unanswered motion to reconsider,**

**vacate and/or amend the court's 5/17/2017 dismissal order pursuant to**

**debtor's purported 1307 (b) praecipe to dismiss also without an evidentiary**

**hearing and without considering, deciding and imposing appropriate, fair,**

**necessary conditions and sanctions against judgment debtor involving**

**debtor's egregious continuing bad faith, illegal Chapter 13 proceedings,**

**petition and bad faith praecipe to dismiss including contrary to applicable law**

**and decisions including to F.R.C.P. 52, 59, 60 (a) (b) and Bankruptcy Rules**

**7052, 9023, 9024 and Bankruptcy Code 11 U.S.C.A. Section 101 et seq.**

**including 105, 523 (a) (2), 1109, 1124, 1307 (b) (c), 1325 (a) (1) (3) (4) (7), 1328**

**(a) (2), 18 U.S.C.A. 152, B.R. 1017 (f) (2), 9013 and Murphy's fundamental**

**Constitutional, legal and equitable rights including to notice and meaningful opportunity to be heard and evidentiary hearings guaranteed under the 5th Amendment of the United States Constitution.**

As noted, generally, the denial of a motion for reconsideration is reviewed for an abuse of discretion. *Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). However, "because an appeal from a denial of a Motion for Reconsideration brings up the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552-53 (3d Cir. 1992) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348-49 (3d Cir. 1986)). Where there is a mixed question of law and fact, "the reviewing court should separate the issue into its respective parts, applying the clearly erroneous test to the factual component, the plenary standard to the legal." *Ram Constr. Co. v. American States Ins. Co.*, 749 F.2d 1049, 1053 (3d Cir. 1984).

In *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling

40

law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice (4) or other unusual circumstances. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Federal Kempser Insurance Company v. Rauscher,* 807 F.2d 345 (3d 1986) granting motion for reconsideration including pursuant to F. R.C.P. 59 (e) pursuant to the foregoing review standards and reversed District Court's summary judgment in favor of insurance company on basis appellant's standing was derivative of appellee's insured's standing and that by the terms of an insurance policy appellee's insured had no standing because District Court's judgment involving lack of standing based on a lack of case or controversy jurisdiction was factually and legally erroneous; whenever there is a violation of due process depriving a party of notice and meaningful opportunity to be heard the judgment rendered will be void. *United States Aid Funds Inc*, supra; *Johnson v. Rardin, 700 Fed. App. 170.* To be entitled to relief under Rule 60(b)(6), A party must show "extraordinary circumstances" where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn,* 757 F.3d 113, 115 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); A court properly acts under F. R.C. P. 60 (a) when it is necessary to correct mistakes or oversights by the court that caused judgment to fail to reflect what was intended at the time of trial.

41

*Pruzinski,* supra.   Rule 60 (b) (3) authorizes relief whenever a judgment involves misrepresentation, misconduct or fraud.   *Jayasundra v. Macy's,* 731 Fed. Appx. 133 (3d 2018).

Murphy respectfully submits that the court clearly erred and/or abused its discretion in denying Murphy's unopposed and unanswered motion for reconsideration involving the 5/17/2017 judgment dismissing the case pursuant to a praecipe to dismiss under 1307 (b) without filing, serving and noticing on Murphy and the Trustee a formal motion to dismiss and without an evidentiary hearing and without considering, deciding and imposing appropriate conditions and sanctions involving Marinari's continuous egregious, untruthful, bad faith, Chapter 13 proceedings, petition and praecipe including where the court specifically decided that it would schedule and conduct an evidentiary hearing if Murphy requested any conditions be imposed on the dismissal of debtor's bankruptcy case. Id. 5/17/2017 order, page 3, FN 2. As noted, it is undisputed and the record demonstrates Murphy repeatedly requested equitable relief including sanctions for over 2 years involving extensive adversarial proceedings, motions, motion to convert, and most recently pursuant to Murphy's specific request to impose conditions and sanctions pursuant to the court's 5/10/2017 hearing and order which was filed on 5/17/2017 in opposition to debtor's purported 1307 (b) subpoena pursuant to the court's foregoing 5/10/2017 hearing and order by

42

debtor's counsel. Murphy respectfully requests that the court's 5/17/2017 order

dismissing the case pursuant to debtor's purported praecipe to dismiss pursuant to

1307 (b) while all Murphy's foregoing proceedings were pending for over 2 years

without filing, serving and noticing a formal motion on Murphy and the Trustee

and without evidentiary hearing is clearly, factually and legally erroneous

involving manifest injustice and/or a clear mistake arising from oversight or

omission in the order and/or constitutes a void order without due process including

notice and a meaningful opportunity to be heard and based on fraudulent

proceedings, misrepresentation, or misconduct contrary to all foregoing

proceedings, decisions, rules and applicable law including the court's own

foregoing specific orders entered 4/20/2017, 5/10/2017 and 5/17/2017 specifically

deciding that if Murphy had requested that any conditions be imposed on dismissal

of debtor's bankruptcy case, the court would have scheduled an evidentiary

hearing to determine whether there were grounds for imposing such conditions

entitling Murphy to appropriate equitable relief pursuant to F.R.C.P. 52, 59, 60 (a)

(b) to prevent irreparable prejudice to Murphy, the Court and the public involving

debtors foregoing egregious, untruthful, bad faith proceedings, Chapter 13 petition

and purported praecipe. Under these extraordinary and unusual circumstances it is

undisputed and the record demonstrates that Murphy specifically requested

appropriate conditions and sanctions involving Marinari's foregoing indisputable,

43

egregious, bad faith petitions, proceedings and praecipe pursuant to all the court's foregoing orders including the 5/10/2017 hearing which conditions were filed on 5/17/2017 in opposition to debtor's purported 1307 (b) praecipe pursuant to the court's foregoing 5/10/2017 order at the hearing by debtor's counsel. See Fifth Amendment United States Constitution; *Federal Kemper; Max Seafood; United States Aid Fields; North River; Johnson; Horn; Sawka; Pruzinski; Macy's;* F.R.C.P. 52, 59, 60 (a)(b).

## CONCLUSION

Murphy respectfully requests the court vacate, strike and/or reverse the court's orders entered 5/17/2017 and 2/15/2019 dismissing Marinari's Chapter 13 proceedings and denying Murphy's request for reconsideration of the court's 5/15/2017 order and remand the matter to the Bankruptcy Court to convert the proceedings to Chapter 7 pursuant foregoing applicable law and decisions including to 1307 (c) and/or order Marinari to file a formal motion to dismiss pursuant to 1307 (b) and/or schedule an evidentiary hearing to determine whether there are grounds for imposing conditions and sanctions in the event the court does not convert the matter and grants an appropriate formal motion to dismiss pursuant

44

to Section 1307 (b) and/or other such orders that are warranted in the interest of justice.

Respectfully submitted,

BY:/s/ _____

Robert J. Murphy, Esquire
Pro Se

Robert J. Murphy, Esquire
Attorney I.D. No. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
*Attorney Pro Se*

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| IN THE MATTER OF | : | CIVIL ACTION |
| IN RE: MICHELE MARINARI | : | NO. 17-00922 |

CERTIFICATE OF COMPLIANCE

Appellant certifies that the computer word count equals 10,128 words

pursuant to B.R. 8015 (7) (B) and less than 1300 lines of text.

Respectfully submitted,

BY:/s/ _____

Robert J. Murphy, Esquire
Pro Se

1

Robert J. Murphy, Esquire
Attorney I.D. No. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA  19041
610-896-5416
*Attorney Pro Se*

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)

| | | |
|---|---|---|
| IN THE MATTER OF | : | CIVIL ACTION |
| IN RE: MICHELE MARINARI | : | NO. 17-00922 |

### CERTIFICATE OF SERVICE

I, Robert Murphy, Esquire, Appellant, hereby certify that the original

APPELLANT'S, ROBERT MURPHY'S, BRIEF SUR APPELLANT'S APPEAL

FROM THE UNITED STATES EASTERN DISTRICT BANKRUPTCY

COURT'S  FINAL ORDERS ENTERED MAY 17, 2017 DISMSSING

DEBTOR'S CHAPTER 13 BANKRUPTCY CASE PURSUANT TO SECTION

1307 (b) OF THE CODE AND FINAL ORDER ENTERED FEBRUARY 15,

2019  DENYING APPELLANT'S, MURPHY'S, MOTION TO RECONSIDER,

1

VACATE AND/OR AMEND THE BANKRUPTCY COURT'S DISMISSAL

ORDER ENTERED MAY 17, 2017 CONTRARY TO APPLICABLE LAW

has been electronically filed in accordance with applicable law and/or hand

delivery with the Clerk of United States District Court for the Eastern District of

Pennsylvania (Philadelphia) and/or United States First Class mail postage prepaid

on April 26, 2019  in accordance with applicable law and rules and true and correct

copies thereof were served via U.S. First Class Mail, Postage Prepaid on the below

counsel for parties and below listed Chapter 13 Trustee and Acting United States

Trustee on April 26, 2019:

William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 40119
Philadelphia, Pa  19106-0119

Andy Vara, Acting U.S. Trustee
Office of the United States Trustee
 833 Chestnut Street,       Suite 500,
 Philadelphia, PA  19107

Michael A. Caltaldo, Esq.
1500 Walnut Street, Suite 900
Philadelphia, PA  19102

BY:/s/_____

          Robert J. Murphy, Esquire
          Pro Se

2

# APPENDIX   A

B7 (Official Form 7) (04/13)

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

In re:  **Michele Marinari**

Case No.   **14-19066JKF13**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date case was commenced. State also the gross amounts received during the TWO YEARS immediately preceding this calendar year. (A debtor maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors under 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $33,483.00 | 2012 |
| $13,746.00 | 2013 |
| $64,767.00 | 2014 YTD |

---

### 2. Income other than from employment or operation of business

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the TWO YEARS immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None ☑

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 DAYS immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 DAYS immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑

c. All debtors: List all payments made within ONE YEAR immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

CAPTION OF SUIT AND          COURT OR AGENCY          STATUS OR

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

In re:  **Michele Marinari**                                                        Case No.  <u>14-19066JKF13</u>
                                                                                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

### 10. Other transfers

None ☑  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within TWO YEARS immediately preceding the commencement of this case. (Married debtors filing under 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated joint petition is not filed.)

---

None ☑  b. List all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled tr similar device of which the debtor is a beneficiary.

---

### 11. Closed financial accounts

None ☑  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherw transferred within ONE YEAR immediately preceding the commencement of this case.  Include checking, savings, or other financial accou certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associa brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerni accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and petition is not filed.)

---

### 12. Safe deposit boxes

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within ONE YEAR imm preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of e both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13. Setoffs

None ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 DAYS preceding the commencem case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a j petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14. Property held for another person

None ☑  List all property owned by another person that the debtor holds or controls.

---

### 15. Prior address of debtor

None ☑  If the debtor has moved within THREE YEARS immediately preceding the commencement of this case, list all premises which the debtor during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of eith spouse.

---

### 16. Spouses and Former Spouses

None ☑  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Lo Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within EIGHT YEARS immediately preceding the commencement o identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state

Case 14-19066-ref-00922-GJP-5 Document 05122115 Filed 03/23/15 Page 59 of 94
Case 2:17-cv-00922-GJP Document 13 Filed 04/25/19 Page 59 of 94
Case 14-19066-jkf Doc 8 Filed 11/25/14 Entered 11/25/14 16:04:45 Desc Main
Document Page 28 of 29

Official Form 7) (04/13)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

re:  Michele Marinari

Case No.  **14-19066JKF13**

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

## 23. Withdrawals from a partnership or distributions by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during ONE YEAR immediately preceding the commencement of this case.

## 24. Tax Consolidation Group

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within SIX YEARS immediately preceding the commencement of the case.

## 25. Pension Funds

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within SIX YEARS immediately preceding the commencement of the case.

pleted by an individual or individual and spouse]

re under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any ments thereto and that they are true and correct.

11/25/2014

Signature _____  **/s/ Michele Marinari**
of Debtor        *Michele Marinari*

Signature _____
of Joint Debtor
(if any)

/ for making a false statement:  *Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
C. §§ 152 and 3571

# APPENDIX   B

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 61 of 94   Desc Main
Case 14-19066-jkf   Doc 128   Filed 05/17/17   Entered 05/17/19   Page 1 of 1
Document   Page 1 of 1

*Robert J. Murphy*

COUNSELOR AT LAW AND PROCTOR IN ADMIRALTY
2341 PENNSYLVANIA AVENUE
PHILADELPHIA, PENNSYLVANIA 19130

(215) 567-5300
FAX (215) 567-3935

BY APPOINTMENT
HAVERFORD OFFICE
7 COOPERTOWN ROAD
HAVERFORD, PA 19041

**VIA FAX**

May 16, 2017

Michael A. Cataldo, Esq.
Cibik & Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

Re:    In Re: Marinari – U.S.B.C., E.D., PA
       No. 14-19066
       Adversary No. 15-0124

Dear Mr. Cataldo:

We have received a copy of your proposed form in the captioned matter. As you are aware, please be advised that we object thereto.

Furthermore, we will seek appropriate reconsideration pursuant to the court's analysis , authorities, opinion and conclusion at the recent hearing on May 10, 2017 that debtor has a purported absolute right to dismiss regardless of the overwhelming and indisputable evidence of bad faith and abuse of process contrary to the authorities relied upon by the undersigned, albeit the right is not unconditional. Accordingly, we request the court to impose additional appropriate conditions including sanctions against debtor and/or her counsel equal to the amount of the judgment plus interest and request that the foregoing objection be provided to the court together with the proposed form of order.

Obviously if you have any questions do not hesitate to contact the undersigned.

Very truly yours,

Robert J. Murphy, Esquire

# APPENDIX C

USCS Const. Amend. 5                                                    Page 1 of 1

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 63 of 94

Current through PL 115-230, approved 8/2/18

**United States Code Service - Constitution of the United States**   **CONSTITUTION OF THE UNITED STATES OF AMERICA**   **AMENDMENTS**   **AMENDMENT 5**

## Notice

▶ *Part 3 of 13.* You are viewing a very large document that has been divided into parts.

## Criminal actions--Provisions concerning--Due process of law and just compensation clauses.

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

---

▾ Annotations

## Case Notes

⚐ 2. Particular Property

⚐ 508. ----Sodomy

⚐ 509. --Incest

⚐ 510. --Lewdness and exposure

⚐ 511. --Molestation

⚐ 512. --Sexual performance-related offenses

⚐ 513. --Transportation offenses

⚐ 514. --Use of dangerous weapon

---

〈                                                                    Next 〉

## 18 USCS § 152

Copy Citation

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54** **TITLE 18. CRIMES AND CRIMINAL PROCEDURE** **PART I. CRIMES** **CHAPTER 9. BANKRUPTCY**

## § 152. Concealment of assets; false oaths and claims; bribery

A person who--

**(1)** knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

**(2)** knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

**(3)** knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;

**(4)** knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

**(5)** knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;

**(6)** knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;

**(7)** in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

**(8)** after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

**(9)** after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,

shall be fined under this title, imprisoned not more than 5 years, or both.

## History

⟨                                                                      Next ⟩

# 11 USCS § 105

Copy Citation

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54**   **TITLE 11.**
**BANKRUPTCY**   **CHAPTER 1. GENERAL PROVISIONS**

## Notice

▶ *Part 1 of 2.* You are viewing a very large document that has been divided into parts.

## § 105. Power of court

**(a)** The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**(b)** Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title [11 USCS §§ 101 et seq.].

**(c)** The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title [11 USCS §§ 101 et seq.] shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28 [28 USCS §§ 1 et seq.]. This subsection shall not be interpreted to exclude bankruptcy judges and other officers or employees appointed pursuant to chapter 6 of title 28 [28 USCS §§ 151 et seq.] from its operation.

**(d)** The court, on its own motion or on the request of a party in interest--

**(1)** shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and

**(2)** unless inconsistent with another provision of this title [11 USCS §§ 101 et seq.] or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the

court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that--

**(A)** sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or

**(B)** in a case under chapter 11 of this title [11 USCS §§ 1101 et seq.]--

**(i)** sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

**(ii)** sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;

**(iii)** sets the date by which a party in interest other than a debtor may file a plan;

**(iv)** sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

**(v)** fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or

**(vi)** provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

## History

(Nov. 6, 1978, P.L. 95-598, Title I, § 101, 92 Stat. 2555; July 10, 1984, P.L. 98-353, Title I, § 118, 98 Stat. 344; Oct. 27, 1986, P.L. 99-554, Title II, Subtitle A, § 203, 100 Stat. 3097; Oct. 22, 1994, P.L. 103-394, Title I, § 104(a), 108 Stat. 4108; April 20, 2005, P.L. 109-8, Title IV, Subtitle B, § 440, 119 Stat. 114; Dec. 22, 2010, P.L. 111-327, § 2(a)(3), 124 Stat. 3557.)

**Prior law and revision:**

⟨                                                              Next ⟩

# 11 USCS § 523

Copy Citation

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54   TITLE 11.
BANKRUPTCY   CHAPTER 5. CREDITORS, THE DEBTOR, AND THE
ESTATE   SUBCHAPTER II. DEBTOR'S DUTIES AND BENEFITS**

## Notice

⚑ *Part 1 of 7.* You are viewing a very large document that has been divided into parts.

## § 523. Exceptions to discharge

**(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt--

**(1)** for a tax or a customs duty--

**(A)** of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title [11 USCS § 507(a)(2) or 507(a)(8)], whether or not a claim for such tax was filed or allowed;

**(B)** with respect to which a return, or equivalent report or notice, if required--

**(i)** was not filed or given; or

**(ii)** was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

**(C)** with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

**(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

**(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

**(B)** use of a statement in writing--

**(i)** that is materially false;

**(ii)** respecting the debtor's or an insider's financial condition;

**(iii)** on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

**(iv)** that the debtor caused to be made or published with intent to deceive; or

**(C)** (i) for purposes of subparagraph (A)--

Case 2:17-cv-00922-GJP  Document 13  Filed 04/26/19  Page 68 of 94

**(I)** consumer debts owed to a single creditor and aggregating more than $ 675 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and

**(II)** cash advances aggregating more than $ 950 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and

**(ii)** for purposes of this subparagraph--

**(I)** the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act [15 USCS § 1602]; and

**(II)** the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor;

**(3)** neither listed nor scheduled under section 521(a)(1) of this title [11 USCS § 521 (a)(1)], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--

**(A)** if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

**(B)** if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

**(4)** for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

**(5)** for a domestic support obligation;

**(6)** for willful and malicious injury by the debtor to another entity or to the property of another entity;

**(7)** to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--

**(A)** relating to a tax of a kind not specified in paragraph (1) of this subsection; or

**(B)** imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

**(8)** unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--

**(A)**

**(i)** an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

**(ii)** an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

**(B)** any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 [26 USCS § 221(d)(1)], incurred by a debtor who is an individual;

**(9)** for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

**(10)** that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title [11 USCS § 727(a)(2), (3), (4), (5), (6), or (7)], or under section 14c (1), (2), (3), (4), (6), or (7) of such Act;

**(11)** provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union;

**(12)** for malicious or reckless failure to fulfill any commitment by the debtor to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution, except that this paragraph shall not extend any such commitment which would otherwise be terminated due to any act of such agency; or

**(13)** for any payment of an order of restitution issued under title 18, United States Code;

**(14)** incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1);

**(14A)** incurred to pay a tax to a governmental unit, other than the United States, that would be nondischargeable under paragraph (1);

**(14B)** incurred to pay fines or penalties imposed under Federal election law;

**(15)** to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

**(16)** for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case;

**(17)** for a fee imposed on a prisoner by any court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under subsection (b) or (f)(2) of section 1915 of title 28 [28 USCS § 1915] (or a similar non-Federal law), or the debtor's status as a prisoner, as defined in section 1915(h) of title 28 [28 USCS § 1915 (h)] (or a similar non-Federal law);

**(18)** owed to a pension, profit-sharing, stock bonus, or other plan established under section 401, 403, 408, 408A, 414, 457, or 501(c) of the Internal Revenue Code of 1986 [26 USCS § 401, 403, 408, 408A, 414, 457, or 501(c)], under--

**(A)** a loan permitted under section 408(b)(1) of the Employee Retirement Income Security Act of 1974 [29 USCS § 1108(b)(1)], or subject to section 72(p) of the Internal Revenue Code of 1986 [26 USCS § 72(p)]; or

**(B)** a loan from a thrift savings plan permitted under subchapter III of chapter 84 of title 5 [5 USCS §§ 8431 et seq.], that satisfies the requirements of section 8433(g) of such title [5 USCS § 8433(g)];

but nothing in this paragraph may be construed to provide that any loan made under a governmental plan under section 414(d) [26 USCS § 414(d)], or a contract or account under section 403(b) [26 USCS § 403(b)], of the Internal Revenue Code of 1986 constitutes a claim or a debt under this title; or

**(19)** that--

**(A)** is for--

**(i)** the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934 [15 USCS § 78c(a)(47)]), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

**(ii)** common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

**(B)** results, before, on, or after the date on which the petition was filed, from--

**(i)** any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

**(ii)** any settlement agreement entered into by the debtor; or

**(iii)** any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986 [26 USCS § 6020(a)], or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986 [26 USCS § 6020(b)], or a similar State or local law.

**(b)** Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a (1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

**(c)**

**(1)** Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section. **(2)** Paragraph (1) shall not apply in the case of a Federal depository institutions regulatory agency seeking, in its capacity as conservator, receiver, or liquidating agent for an insured depository institution, to recover a debt described in subsection (a)(2), (a)(4), (a)(6), or (a)(11) owed to such institution by an institution-affiliated party unless the receiver, conservator, or liquidating agent was appointed in time to reasonably comply, or for a Federal depository institutions regulatory agency acting in its corporate capacity as a successor to such receiver, conservator, or liquidating agent to reasonably comply, with subsection (a)(3)(B) as a creditor of such institution-affiliated party with respect to such debt.

**(d)** If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

**(e)** Any institution-affiliated party of an insured depository institution shall be considered to be acting in a fiduciary capacity with respect to the purposes of subsection (a)(4) or (11).

## History

(Nov. 6, 1978, P.L. 95-598, Title I, § 101, 92 Stat. 2590; Aug. 14, 1979, P.L. 96-56, § 3, 93 Stat. 387; Aug. 13, 1981, P.L. 97-35, Title XXIII, Subtitle A, Ch 2, § 2334(b), 95 Stat. 863; July 10, 1984, P.L. 98-353, Title III, Subtitle A, § 307, Subtitle D, § 371, Subtitle H, § 454, 98 Stat. 353, 364, 375; Oct. 27, 1986, P.L. 99-554, Title II, Subtitles B, C, §§ 257(n), 281, 283(j), 100 Stat. 3115-3117; Nov. 15, 1990, P.L. 101-581, § 2 (a), 104 Stat. 2865; Nov. 29, 1990, P.L. 101-647, Title XXV, Subtitle B, §§ 2522(a) Title XXXI, § 3102(a), Title XXXVI, Subtitle B, § 3621

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 72 of 94

# 11 USCS § 1109

Copy Citation

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54**   **TITLE 11. BANKRUPTCY**   **CHAPTER 11. REORGANIZATION**   **SUBCHAPTER I. OFFICERS AND ADMINISTRATION**

## § 1109. Right to be heard

**(a)** The Securities and Exchange Commission may raise and may appear and be heard on any issue in a case under this chapter [11 USCS §§ 1101 et seq.], but the Securities and Exchange Commission may not appeal from any judgment, order, or decree entered in the case.

**(b)** A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter [11 USCS §§ 1101 et seq.].

⟨                                                                                    Next ⟩

# 11 USCS § 1124

**Copy Citation**

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54   TITLE 11.
BANKRUPTCY   CHAPTER 11. REORGANIZATION   SUBCHAPTER II. THE PLAN**

## § 1124. Impairment of claims or interests

Except as provided in section 1123(a)(4) of this title [11 USCS § 1123(a)(4)], a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan--

**(1)** leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

**(2)** notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default--

**(A)** cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title [11 USCS § 365(b)(2)] or of a kind that section 365(b)(2) [11 USCS § 365(b)(2)] expressly does not require to be cured;

**(B)** reinstates the maturity of such claim or interest as such maturity existed before such default;

**(C)** compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law;

**(D)** if such claim or such interest arises from any failure to perform a nonmonetary obligation, other than a default arising from failure to operate a nonresidential real property lease subject to section 365(b)(1)(A) [11 USCS § 365(b)(1)(A)], compensates the holder of such claim or such interest (other than the debtor or an insider) for any actual pecuniary loss incurred by such holder as a result of such failure; and

**(E)** does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

## History

(Nov. 6, 1978, P.L. 95-598, Title I, § 101, 92 Stat. 2633; July 10, 1984, P.L. 98-353,

Title III, Subtitle H, § 508, 98 Stat. 385; Oct. 22, 1994, P.L. 103-394, Title II, § 213(d), 108 Stat. 4126.)

(As amended April 20, 2005, P.L. 109-8, Title III, § 328(b), 119 Stat. 100.)

**Prior law and revision:**

‹

Next ›

# 11 USCS § 1307

Copy Citation

Current through PL 116-8, approved 3/8/19

United States Code Service - Titles 1 through 54   TITLE 11.
BANKRUPTCY   CHAPTER 13. ADJUSTMENT OF DEBTS OF AN
INDIVIDUAL WITH REGULAR INCOME   SUBCHAPTER I. OFFICERS,
ADMINISTRATION, AND THE ESTATE

## § 1307. Conversion or dismissal

**(a)** The debtor may convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 7 of this title [11 USCS §§ 701 et seq.] at any time. Any waiver of the right to convert under this subsection is unenforceable.

**(b)** On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title [11 USCS § 706, 1112, or 1208], the court shall dismiss a case under this chapter [11 USCS §§ 1301 et seq.]. Any waiver of the right to dismiss under this subsection is unenforceable.

**(c)** Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 7 of this title [11 USCS §§ 701 et seq.], or may dismiss a case under this chapter [11 USCS §§ 1301 et seq.], whichever is in the best interests of creditors and the estate, for cause, including--

**(1)** unreasonable delay by the debtor that is prejudicial to creditors;

**(2)** nonpayment of any fees and charges required under chapter 123 of title 28 [28 USCS §§ 1911 et seq.];

**(3)** failure to file a plan timely under section 1321 of this title [11 USCS § 1321];

**(4)** failure to commence making timely payments under section 1326 of this title [11 USCS § 1326].

**(5)** denial of confirmation of a plan under section 1325 of this title [11 USCS § 1325] and denial of a request made for additional time for filing another plan or a modification of a plan;

**(6)** material default by the debtor with respect to a term of a confirmed plan;

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 76 of 94

**(7)** revocation of the order of confirmation under section 1330 of this title [11 USCS § 1330], and denial of confirmation of a modified plan under section 1329 of this title;

**(8)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

**(9)** only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a) [11 USCS § 521(a)];

**(10)** only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a) [11 USCS § 521(a)]; or

**(11)** failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

**(d)** Except as provided in subsection (f) of this section, at any time before the confirmation of a plan under section 1325 of this title [11 USCS § 1325], on request of a party in interest of the United States trustee and after notice and a hearing, the court may convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 11 or 12 of this title [11 USCS §§ 1101 et seq. or 1201 et seq.].

**(e)** Upon the failure of the debtor to file a tax return under section 1308 [11 USCS § 1308], on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 7 of this title [11 USCS §§ 701 et seq.], whichever is in the best interest of the creditors and the estate.

**(f)** The court may not convert a case under this chapter [11 USCS §§ 1301 et seq.] to a case under chapter 7, 11, or 12 of this title [11 USCS §§ 701 et seq., 1101 et seq., or 1201 et seq.] if the debtor is a farmer, unless the debtor requests such conversion.

**(g)** Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title [11 USCS §§ 101 et seq.] unless the debtor may be a debtor under such chapter.

‹ Previous                                                                    Next ›

# 11 USCS § 1325

**Copy Citation**

Current through PL 116-8, approved 3/8/19

**United States Code Service - Titles 1 through 54   TITLE 11.
BANKRUPTCY   CHAPTER 13. ADJUSTMENT OF DEBTS OF AN
INDIVIDUAL WITH REGULAR INCOME   SUBCHAPTER II. THE PLAN**

## Notice

▶ *Part 1 of 2.* You are viewing a very large document that has been divided into parts.

## § 1325. Confirmation of plan

**(a)** Except as provided in subsection (b), the court shall confirm a plan if--

**(1)** the plan complies with the provisions of this chapter [11 USCS §§ 1301 et seq.] and with the other applicable provisions of this title [11 USCS §§ 101 et seq.];

**(2)** any fee, charge, or amount required under chapter 123 of title 28 [28 USCS §§ 1911 et seq.], or by the plan, to be paid before confirmation, has been paid;

**(3)** the plan has been proposed in good faith and not by any means forbidden by law;

**(4)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title [11 USCS §§ 701 et seq.] on such date;

**(5)** with respect to each allowed secured claim provided for by the plan--

**(A)** the holder of such claim has accepted the plan;

**(B)** (i) the plan provides that--

**(I)** the holder of such claim retain the lien securing such claim until the earlier of--

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328 [11 USCS § 1328]; and

**(II)** if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

**(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

**(iii)** if--

**(I)** property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

**(II)** the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

**(C)** the debtor surrenders the property securing such claim to such holder;

**(6)** the debtor will be able to make all payments under the plan and to comply with the plan;

**(7)** the action of the debtor in filing the petition was in good faith;

**(8)** the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

**(9)** the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308 [11 USCS § 1308].

For purposes of paragraph (5), section 506 [11 USCS § 506] shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49 [49 USCS § 30102]) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

**(b)**

**(1)** If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan--

**(A)** the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

**(B)** the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

**(2)** For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended--

**(A)**

**(i)** for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and

**(ii)** for charitable contributions (that meet the definition of "charitable contribution" under section 548(d)(3) [11 USCS § 548(d)(3)]) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4) [11 USCS § 548(d)(4)]) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and

**(B)** if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

**(3)** Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) [11 USCS § 707(b)(2)], if the debtor has current monthly income, when multiplied by 12, greater than--

**(A)** in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

**(B)** in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or

**(C)** in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $ 700 per month for each individual in excess of 4.

**(4)** For purposes of this subsection, the "applicable commitment period"--

**(A)** subject to subparagraph (B), shall be--

**(i)** 3 years; or

**(ii)** not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than--

**(I)** in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

**(II)** in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or

**(III)** in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $ 700 per month for each individual in excess of 4; and

**(B)** may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all allowed unsecured claims over a shorter period.

**(c)** After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

## History

(Nov. 6, 1978, P.L. 95-598, Title I, § 101,

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 81 of 94

Next ›

‹

# 11 USCS § 1328

Copy Citation

Current through PL 116-8, approved 3/8/19

United States Code Service - Titles 1 through 54   TITLE 11. BANKRUPTCY   CHAPTER 13. ADJUSTMENT OF DEBTS OF AN INDIVIDUAL WITH REGULAR INCOME   SUBCHAPTER II. THE PLAN

## § 1328. Discharge

**(a)** Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter [11 USCS §§ 1301 et seq.], the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title [11 USCS § 502], except any debt--

**(1)** provided for under section 1322(b)(5) [11 USCS § 1322(b)(5)];

**(2)** of the kind specified in section 507(a)(8)(C) [11 USCS § 507(a)(8)(C)] or in paragraph (1) (B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a) [11 USCS § 523(a)];

**(3)** for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime; or

**(4)** for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

**(b)** Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if--

**(1)** the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

**(2)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title [11 USCS §§ 701 et seq.] on such date; and

**(3)** modification of the plan under section 1329 of this title [11 USCS § 1329] is not practicable.

**(c)** A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title [11 USCS § 502], except any debt--

**(1)** provided for under section 1322(b)(5) of this title [11 USCS § 1322(b)(5)]; or

**(2)** of a kind specified in section 523(a) of this title [11 USCS § 523(a)].

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 82 of 94

**(d)** Notwithstanding any other provision of this section, a discharge granted under this section does not discharge the debtor from any debt based on an allowed claim filed under section 1305 (a)(2) of this title [11 USCS § 1305(a)(2)] if prior approval by the trustee of the debtor's incurring such debt was practicable and was not obtained.

**(e)** On request of a party in interest before one year after a discharge under this section is granted, and after notice and a hearing, the court may revoke such discharge only if--

**(1)** such discharge was obtained by the debtor through fraud; and

**(2)** the requesting party did not know of such fraud until after such discharge was granted.

**(f)** Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502 [11 USCS § 502], if the debtor has received a discharge--

**(1)** in a case filed under chapter 7, 11, or 12 of this title [11 USCS §§ 701 et seq., 1101 et seq., or 1201 et seq.] during the 4-year period preceding the date of the order for relief under this chapter [11 USCS §§ 1301 et seq.], or

**(2)** in a case filed under chapter 13 of this title [11 USCS §§ 1301 et seq.] during the 2-year period preceding the date of such order.

**(g)**

**(1)** The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111 [11 USCS § 111].

**(2)** Paragraph (1) shall not apply with respect to a debtor who is a person described in section 109(h)(4) [11 USCS § 109(h)(4)] or who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be required to complete such instructional course by reason of the requirements of paragraph (1).

**(3)** The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in paragraph (2) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter.

**(h)** The court may not grant a discharge under this chapter unless the court after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge finds that there is no reasonable cause to believe that--

**(1)** section 522(q)(1) [11 USCS § 522(q)(1)] may be applicable to the debtor; and

**(2)** there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) [11 USCS § 522(q)(1)(A)] or liable for a debt of the kind described in section 522(q)(1)(B) [11 USCS § 522(q)(1)(B)].

## History

(Nov. 6, 1978,P.L. 95-598, Title I, § 101, 92 Stat. 2650; July 10, 1984, P.L. 98-353, Title III, Subtitle H, § 532, 98 Stat. 389; Nov. 5, 1990, P.L. 101-508, Title III, Subtitle A, § 3007(b)(1), 104 Stat. 1388-29; Nov. 15, 1990, P.L. 101-581, §§ 2(b), 3, 104 Stat. 2865; Nov. 29, 1990, P.L. 101-647, Title XXXI, §§ 3102(b), 3103, 104 Stat. 4916; Oct. 22, 1994, P.L. 103-394, Title III, § 302, Title V, § 501(d)(38), 108 Stat. 4132, 4147; April 20, 2005, P.L. 109-8, Title I, § 106(c), Title II, Subtitle B, § 213(11), Title III, §§ 312(2), 314(b), 330(d), Title VII, § 707, 119 Stat. 38, 53, 87, 88, 102, 126.)

**Prior law and revision:**

*Legislative Statements*

〈                                                                    Next 〉

# USCS Fed Rules Civ Proc R 52, Part 1 of 2

Copy Citation

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated    Federal Rules of Civil Procedure    Title VI. Trials**

## Rule 52. Findings and Conclusions by the Court; Judgment on Partial Findings

**(a) Findings and Conclusions.**

**(1)** *In General.* In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

**(2)** *For an Interlocutory Injunction.* In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

**(3)** *For a Motion.* The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

**(4)** *Effect of a Master's Findings.* A master's findings, to the extent adopted by the court, must be considered the court's findings.

**(5)** *Questioning the Evidentiary Support.* A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.

**(6)** *Setting Aside the Findings.* Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

**(b) Amended or Additional Findings.** On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

**(c) Judgment on Partial Findings.** If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

## History

Amended Dec. 27, 1946, eff. March 19, 1948; Jan. 21, 1963, eff. Aug. 1, 1983; April 28, 1983, eff. Aug. 1, 1985; April 29, 1985, eff. Dec. 1, 1991; April 30, 1991, eff. Dec. 1, 1991; April 22, 1993, eff. Dec. 1, 1993; April 27, 1995, eff. Dec. 1, 1995; April 30, 2007, eff. Dec. 1, 2007; March 26, 2009, eff. Dec. 1, 2009.

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 85 of 94

▾ Annotations

⟨                                                                    Next ⟩

## USCS Fed Rules Civ Proc R 59, Part 1 of 2

Copy Citation

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated   Federal Rules of Civil Procedure   Title VII. Judgment**

## Rule 59. New Trial; Altering or Amending a Judgment

**(a) In General.**

**(1)** *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

**(A)** after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

**(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2)** *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(c) Time to Serve Affidavits.** When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

**(d) New Trial on the Court's Initiative or for Reasons Not in the Motion.** No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

### History

Amended Dec. 27, 1946, eff. March 19, 1948; Feb. 28, 1966, eff. July 1, 1966; April 27, 1995, eff. Dec. 1, 1995; April 30, 2007, eff. Dec. 1, 2007; March 26, 2009, eff. Dec. 1, 2009.

Case 2:17-cv-00922-GJP   Document 13   Filed 04/26/19   Page 87 of 94

Next ›

⟨

# USCS Fed Rules Civ Proc R 60, Part 1 of 3

**Copy Citation**

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated**   **Federal Rules of Civil Procedure**   **Title VII.**
**Judgment**

## Rule 60. Relief from a Judgment or Order

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:

**(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;

**(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

**(3)** set aside a judgment for fraud on the court.

**(e) Bills and Writs Abolished.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

History

Amended Dec. 27, 1946, eff. March 19, 1948; Dec. 29, 1948, eff. Oct. 20, 1949; March 2, 1987, eff. Aug. 1, 1987; April 30, 2007, eff. Dec. 1, 2007.

⟨ Previous                                                          Next ⟩

## USCS Bankruptcy R 1017

Copy Citation

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated    Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms    Part I. Commencement of Case; Proceedings Relating to Petition and Order for Relief**

## Rule 1017. Dismissal or Conversion of Case; Suspension

**(a) Voluntary dismissal; dismissal for want of prosecution or other cause.** Except as provided in §§ 707(a)(3), 707(b), 1208(b), and 1307(b) of the Code [11 USCS §§ 707(a)(3), (b), 1208(b), and 1307(b)], and in **Rule 1017**(b), (c), and (e), a case shall not be dismissed on motion of the petitioner, for want of prosecution or other cause, or by consent of the parties, before a hearing on notice as provided in **Rule** 2002. For the purpose of the notice, the debtor shall file a list of creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the debtor or another entity to prepare and file it.

**(b) Dismissal for failure to pay filing fee.**

**(1)** If any installment of the filing fee has not been paid, the court may, after a hearing on notice to the debtor and the trustee, dismiss the case.

**(2)** If the case is dismissed or closed without full payment of the filing fee, the installments collected shall be distributed in the same manner and proportions as if the filing fee had been paid in full.

**(c) Dismissal of voluntary chapter 7 or chapter 13 case for failure to timely file list of creditors, schedules, and statement of financial affairs.** The court may dismiss a voluntary chapter 7 or chapter 13 case under § 707(a)(3) or § 1307(c)(9) [11 USCS § 707(a)(3) or 1307(c)(9)] after a hearing on notice served by the United States trustee on the debtor, the trustee, and any other entities as the court directs.

**(d) Suspension.** The court shall not dismiss a case or suspend proceedings under § 305 [11 USCS § 305] before a hearing on notice as provided in **Rule** 2002(a).

**(e) Dismissal of an individual debtor's chapter 7 case, or conversion to a case under chapter 11 or 13, for abuse.** The court may dismiss or, with the debtor's consent, convert an individual debtor's case for abuse under § 707(b) [11 USCS § 707(b)] only on motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and any other entity as the court directs.

**(1)** Except as otherwise provided in § 704(b)(2) [11 USCS § 704(b)(2)], a motion to dismiss a case for abuse under § 707(b) or (c) [11 USCS § 707(b) or c)] may be filed only within 60 days after the first date set for the meeting of creditors under § 341(a) [11 USCS § 341(a)], unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss. The party filing the motion shall set forth in the motion all matters to be considered at the hearing. In addition, a motion to dismiss under § 707(b)(1) and (3) [11 USCS § 707(b)(1) and (3)] shall state with particularity the circumstances alleged to constitute abuse.

**(2)** If the hearing is set on the court's own motion, notice of the hearing shall be served on the debtor no later than 60 days after the first date set for the meeting of creditors under § 341(a) [11 USCS § 341(a)]. The notice shall set forth all matters to be considered by the court at the hearing.

**(f) Procedure for dismissal, conversion, or suspension.**

**(1) Rule** 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter, except under §§ 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b) [11 USCS § 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b)].

**(2)** Conversion or dismissal under §§ 706(a), 1112(a), 1208(b), or 1307(b) [11 USCS § 706(a), 1112(a), 1208(b), or 1307(b)] shall be on motion filed and served as required by **Rule** 9013.

**(3)** A chapter 12 or chapter 13 case shall be converted without court order when the debtor files a notice of conversion under §§ 1208(a) or 1307(a) [11 USCS § 1208(a) or 1307(a)]. The filing date of the notice becomes the date of the conversion order for the purposes of applying § 348(c) [11 USCS § 348(c)] and **Rule** 1019. The clerk shall promptly transmit a copy of the notice to the United States trustee.

## History

As amended March 30, 1987, eff. Aug. 1, 1987; April 30, 1991, eff. Aug. 1, 1991; April 22, 1993, eff. Aug. 1, 1993; April 26, 1999, eff. Dec. 1, 1999; April 17, 2000, eff. Dec. 1, 2000; April 23, 2008, eff. Dec. 1, 2008.

▼ Annotations

## Notes

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**
**Other provisions:**

**Notes of Advisory Committee.** *Note to Subdivision (a).* Subdivision (a) of this **rule** is derived from former **Bankruptcy Rule** 120(a). While the **rule** applies to voluntary and involuntary

‹                                                          Next ›

# USCS Bankruptcy R 7052

Copy Citation

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated**   **Federal Rules of Bankruptcy Procedure**
**and Official Bankruptcy Forms**   **Part VII. Adversary Proceedings**

## Rule 7052. Findings by the Court

Rule 52 F. R. Civ. P. applies in adversary proceedings, except that any motion under subdivision (b) of that rule for amended or additional findings shall be filed no later than 14 days after entry of judgment. In these proceedings, the reference in Rule 52 F. R. Civ. P. to the entry of judgment under Rule 58 F. R. Civ. P. shall be read as a reference to the entry of a judgment or order under Rule 5003(a).

## History

As amended March 26, 2009, eff. Dec. 1, 2009.

▼ Annotations

⟨ Previous                                                                            Next ⟩

# USCS Bankruptcy R 9023

**Copy Citation**

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated    Federal Rules of Bankruptcy Procedure and
Official Bankruptcy Forms    Part IX. General Provisions**

## Rule 9023. New Trials; Amendment of Judgments

Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under
the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a
court may on its own order a new trial, no later than 14 days after entry of judgment. In
some circumstances, Rule 8008 governs post-judgment motion practice after an appeal
has been docketed and is pending.

## History

As amended March 26, 2009, eff. Dec. 1, 2009; April 25, 2014, eff. Dec. 1, 2014.

▼ Annotations

### Notes

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**
**Other provisions:**

**Notes of Advisory Committee.** Rule 59 F.R.Civ.P

⟨                                                          Next ⟩

# USCS Bankruptcy R 9024

Copy Citation

Current through changes received March 12, 2019.

**USCS Federal Rules Annotated**   **Federal Rules of Bankruptcy Procedure**
**and Official Bankruptcy Forms**   **Part IX. General Provisions**

## Rule 9024. Relief from Judgment or Order

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to
reopen a case under the Code or for the reconsideration of an order allowing or
disallowing a claim against the estate entered without a contest is not subject to
the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a
discharge in a chapter 7 liquidation case may be filed only within the time
allowed by § 727(e) of the Code [11 USCS § 727(e)], and (3) a complaint to
revoke an order confirming a plan may be filed only within the time allowed by §
1144, § 1230, or § 1330 [11 USCS § 1144, 1230, or 1330]. In some
circumstances, Rule 8008 governs post-judgment motion practice after an appeal
has been docketed and is pending.

⟨ Previous

Next ⟩

# USCS Bankruptcy R 9013

Copy Citation

Current through changes received April 20, 2019.

**USCS Federal Rules Annotated**   **Federal Rules of Bankruptcy Procedure and Official Bankruptcy Forms**   **Part IX. General Provisions**

## Rule 9013. Motions: Form and Service

A request for an order, except when an application is authorized by the rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion, other than one which may be considered ex parte, shall be served by the moving party within the time determined under Rule 9006(d). The moving party shall serve the motion on:

**(a)** the trustee or debtor in possession and on those entities specified by these rules; or

**(b)** the entities the court directs if these rules do not require service or specify the entities to be served.

### History

As amended March 30, 1987, eff. Aug. 1, 1987;