IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Michele Marinari                Chapter 13        14-19066AMC

                                Case              2:17-cv-00922-GJP

**Appellee, Michele Marinari's, Brief Sur Appellant's Appeal from the United States Eastern District Bankruptcy Court's Final Orders Entered May 17,2017 Dismissing Debtor's Chapter 13 Bankruptcy Case Pursuant to Section 1307(b) of the Code and Final Order entered February 15, 2019 Denying Appellant, Murphy's Motion to Reconsider, Vacate and/or Amend the Bankruptcy Court Dismissal Order Entered May 17, 2017 Contrary to Applicable Law**

Debtor/Appellee asserts that 11 U.S.C 1307 (b) allows debtor the absolute right to voluntarily dismiss her Chapter 13 case.

Said section states that "on [the] request of the debtor at any time, if the case has not been converted under Section 706,1112 or 1208 of this title, court shall dismiss a case under this chapter and any waiver of the right to dismiss under this subsection is unenforceable".

The code section is clear and unambiguous and affords the court no discretion. Debtor's position is supported by the 3rd Circuit case, Ross v. Americhoice FCU, S30 B.R 277 (E.D.R 2015). The third circuit agreed with the line of cases that recognized debtor's absolute right to dismiss. It noted that the court's equitable powers under 11 U.S.C 105 were broad, but not unlimited.

Recently, this line of cases was supported by IN Re: Perez (Bank D. PR April 24, 2017). Debtor incorporates the thoughtful and detailed analysis set forth by Judge FitzSimon and Judge Chan in court when entering the orders upholding dismissal.

Debtor filed in good faith. Debtor had no prior bankruptcy cases. Debtor was in the case for over 3 years and had made all trustee payments until moving for voluntary dismissal. Voluntarily dismissal was decided because of excessive and litigious pleadings and expectation of time that was going to be incurred due to the creditor's litigation strategy. The creditor estimated five (5) days for trial in the joint pre-trial statement on a case with a simple factual history. Debtor had a defense to the adversary action. She had never met or spoken with or exchanged any writing with the plaintiff at the time the Plaintiff entered into transactions with her ex-husband or corporate entities of her

ex-husband. She made no statements or representations in writing or verbally to the plaintiff. She was a nurse and did not do car restorations. Debtor was a victim of her ex-husband and was the individual who was defrauded by him. Her testimony and efforts led to his conviction of various crimes. Essentially, the creditor proceeded in a fashion that made ongoing defense unaffordable for debtor. The restriction on refiling imposed by Judge FitzSimon was reasonable and just for both parties. Debtor's counsel recommended the restriction for the benefit of all parties. The creditor presented no request or suggestions for restrictions on refiling.

    Debtor, Michele Marinari, respectfully requests that this Honorable Court enter an order upholding the decision of Judge FitzSimon and Judge Chan dismissing the Chapter 13 case and denying to appeal.

                                                Respectfully submitted,


                                                Michael A. Cataldo
                                                Attorney for Appellee